1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  CHARLTON G. HOLLAND, III, State Bar No. 36404
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:     (415) 703-5519
    Facsimile:      (415) 703-5480
6   Email:  Charlton.Holland@doj.ca.gov

7  Attorneys for Defendants
   California Employment Development Department,
8  Forrest Boomer, Peter Kindschi, Deborah Bronow,
   James Crawley, and Talbott A. Smith
9

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  **REZA NAGAHI,**                          Case No. C 07-06268 PVT

15                              Plaintiff,

16           **v.**

17  **CALIFORNIA EMPLOYMENT DEVELOPMENT**
    **DEPARTMENT; DEBORAH BRONOW, JAMES**
18  **CRAWLEY, PAULINE GEE, TALBOTT A.**
    **SMITH, FORREST E. BOOMER, PETER**
19  **KINDSCHI, and TOM CAMPBELL, in their**
    **individual and official capacities, as present or**
20  **former officers of California Employment**
    **Development Department; ELAINE L. CHAO, in**
21  **her official capacity, as the United States Secretary**
    **of Labor; and DOES ONE through TEN, inclusive,**
22
                                Defendants.
23

24

25            **MEMORANDUM OF POINTS AND AUTHORITIES**
              **IN SUPPORT OF MOTION OF STATE DEFENDANTS**
26              **TO DISMISS  PURSUANT TO RULE 12(b)(6)**
                **OF THE FEDERAL RULES OF CIVIL PROCEDURE**
27

28

1

**TABLE OF CONTENTS**

2

**Page**

3

**INTRODUCTION** 2

4

**THE STATUTORY AND REGULATORY CONTEXT**
**OF THIS COMPLAINT** 2

5

**STATEMENT OF THE FACTS AS ALLEGED** 4

6

**STATEMENT OF ISSUES PRESENTED** 6

7

**ARGUMENT** 7

8

      **INTRODUCTION** 7

9

         **I.**  **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
10
            **AGAINST THE STATE DEFENDANTS UNDER THE FEDERAL**
            **ADMINISTRATIVE PROCEDURE ACT.** 8
11

         **II.**  **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
12
            **AGAINST THE STATE DEFENDANTS**
            **UNDER THE FIRST AMENDMENT.** 8
13

         **III.**  **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
14
            **AGAINST THE STATE DEFENDANTS**
            **UNDER THE FIFTH AMENDMENT.** 10
15

         **IV.** **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
16
            **AGAINST THE STATE DEFENDANTS**
            **UNDER THE FOURTEENTH AMENDMENT.** 11
17

         **V.**  **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
18
            **AGAINST THE  STATE DEFENDANTS**
            **UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983**. 12
19

         **VI.** **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
20
            **AGAINST THE STATE DEFENDANTS UNDER THE CIVIL**
            **RIGHTS ACT, 42 U.S.C. § 1985(3) OR § 1986, OR A THEORY**
21
            **OF CONSPIRACY UNDER STATE LAW.** 12

22

         **VII**. **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
            **AGAINST THE STATE DEFENDANTS UNDER 42 U.S.C. § 2000d.** 13
23

         **VIII.** **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
24
            **AGAINST THE STATE DEFENDANTS OF FRAUD BY**
            **OMISSION OR NONDISCLOSURE,  SLANDER,**
25
            **UNINTENTIONAL INFLICTION OF MENTAL DISTRESS, OR**
            **INTENTIONAL INFLICTION OF MENTAL DISTRESS.** 14

26

27

28

1

**TABLE OF CONTENTS  (continued)**

2

**Page**

3

**IX.  THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
FOR ANY FORM OF INJUNCTIVE RELIEF.**                14

4

5

**CONCLUSION**                                                              15

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Anderson v. Creighton,* 483 U.S. 635 (1987)                                                    12

5

*Balistreri v. Pacifica Police Department* 901 F.2d 696 (9th Cir. 1988)                          7

6

*Blessing v. Freestone*  520 U.S. 329 (1992)                                                    9, 14

7

*Davis v. Astrue* 513 F. Supp. 2d 1137 (N.D. Cal. 2007)                                          2

8

*Elder v. Hollaway* 510 U.S. 510 (1994)                                                         10

9

*Gibson v. United States* 781 F.2d 1334 (9th Cir. 1986)                                          9

10

*Hartman v. Moore* 547 U.S. 250 (2006)                                                           9

11

*Jackson v. Hayakawa* 982 F.2d 1344 (9th Cir. 1982)                                             11

12

*Jones v. Williams* 297 F.3d 930 (9th Cir. 2002)                                                10

13

*Kentucky v. Graham* 473 U.S. 159 (1985)                                                         9

14

*Kildare v. Saenz* 325 F.3d 1078 (9th Cir. 2003)                                                 8

15

*Morrell v. Department of Social Services of New York*  436 U.S. 658 (1978)                     10

16

*Olsen v. Idaho State Board of Medicine* 363 F.3d 916 (9th Cir. 2004)                           13

17

*Schwieker v. Chilicky* 487 U.S. 412, 426 (1988)                                               9, 12, 14

18

*Town of Castle Rock v. Gonzales* 545 U.S. 748 (2005)                                           14

19

*Will v. Michigan Department of State Police* 491 U.S. 58 (1989)                               9, 11, 12

20

*WMX Techs. v. Miller* 80 F.3d 1315 (9th Cir. 1991)                                             14

21

**Statutes**

22

20 C.F.R.

23
    § 617                                                                    2, 3, 5
    § 617(b)(2)                                                               3

24
    § 617.2                                                                   2
    § 617.22                                                                  6

25
    § 617.60(e)                                                              4, 9, 11
    § 617.60(f)                                                              4, 9, 14

26
    § 640.2                                                                  4, 9, 14

19 U.S.C.

27
    § 2231(d)                                                                9
    § 2271                                                                   2

28

1

**TABLE OF AUTHORITIES  (continued)**

2

**Page**

3

§ 2272 ............................................................................. 3
§ 2291 ............................................................................. 3
§ 2293(a)(3) .................................................................... 3
§ 2294 ............................................................................. 3
§ 2295 ............................................................................. 3
§ 2296(d) ......................................................................... 3
§ 2297 ............................................................................. 3
§ 2298 ............................................................................. 3
§ 2311 ............................................................................. 3
§ 2312 ............................................................................. 3
§ 2320 ............................................................................. 3

4

5

6

7

8

9

5  U.S.C.
§§ 701-706 ..................................................................... 7, 8

10

11

28 U.S.C.
§ 1331 ............................................................................. 2
§ 1343 ............................................................................. 2

12

13

42 U.S.C.
§ 1983 ............................................................. 6, 8, 11, 12, 14
§ 1985(3) ..................................................................... 12, 13
§ 1986 .......................................................................... 12, 13
§ 2000d ............................................................................ 13

14

15

16

California Code of Civil Procedure
§ 1085 ......................................................................... 3, 12
§ 1094.5 ......................................................................... 3, 8

17

18

California Code of Regulations, Title 22
§§ 5000 *et seq.* ............................................................. 3

19

California Government Code
§§11500 *et seq.* ........................................................... 3

20

21

California Unemployment Insurance Code
§ 311 ............................................................................... 3
§§ 401-410 ................................................................... 3, 8

22

23

**Court Rules**

24

Federal Rules of Civil Procedure
§ 12(b)(6) ...................................................................... 2, 7

25

**Other Authorities**

26

Trade Act of 1974 ............................................................ 2
Trade Act of 2002 ............................................................ 2

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  CHARLTON G. HOLLAND, III, State Bar No. 36404
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:    (415) 703-5519
     Facsimile:    (415) 703-5480
6    Email:  Charlton.Holland@doj.ca.gov

7  Attorneys for Defendants
   California Employment Development Department,
8  Forrest Boomer, Peter Kindschi, Deborah Bronow,
   James Crawley, and Talbott A. Smith
9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  **REZA NAGAHI,**                           Case No. C 07-06268 PVT

15                             Plaintiff,      **MEMORANDUM OF POINTS
                                               AND AUTHORITIES IN
16         **v.**                              SUPPORT OF MOTION OF
                                               STATE DEFENDANTS TO
17  **CALIFORNIA EMPLOYMENT DEVELOPMENT        DISMISS PURSUANT TO
    DEPARTMENT; DEBORAH BRONOW, JAMES          RULE 12(b)(6) OF THE
18  CRAWLEY, PAULINE GEE, TALBOTT A.           FEDERAL RULES OF CIVIL
    SMITH, FORREST E. BOOMER, PETER            PROCEDURE**
19  KINDSCHI, and TOM CAMPBELL, in their
    individual and official capacities, as present or**
20  **former officers of California Employment      Date:        April 1, 2008
    Development Department; ELAINE L. CHAO, in  Time:        10:00 a.m.
21  her official capacity, as the United States Secretary  Courtroom:   5
    of Labor; and DOES ONE through TEN, inclusive,**   Judge:
22                                                 Honorable Patricia V. Trumbull

23                             **Defendants.**

24  ///

25  ///

26  ///

27  ///

28  ///

## **INTRODUCTION**

The plaintiff alleges in this case a complicated history of his efforts before defendant employees[1] (state employees) of the defendant Employment Development Department (EDD) (collectively, the state defendants) to obtain specified benefits under the Trade Act of 1974 (P.L. 93-618, as amended) and the Trade Act of 2002 (P.L. 107-210, as amended), 19 U.S.C. §§ 2271-2321; 20 C.F.R. § 617 (collectively, TAA).

The plaintiff invokes the jurisdiction of this Court against the state defendants pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

The complaint of the plaintiff must be dismissed for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1142-43 (N.D. Cal. 2007). His basic grievance is that it took him a long time to extract from EDD and its employees the TAA benefits to which he was entitled and that (although this is not clear) he still has not received Additional TRA benefits that an ALJ decided he was entitled to receive. Although the many causes of action pled by the plaintiff will be discussed below, the essential defense of the defendants is straight forward. The benefits the plaintiffs sought and seeks now (apparently) are provided to workers under a specific statutory scheme that provides explicitly for administrative and judicial review at the state level. The statutory scheme does not provide for fines or penalties or damages pursuant to an action in federal court. Jurisdiction is not provided in this Court and this action must be dismissed. The plaintiff has adequate state remedies for any grievance he may have.

### **THE STATUTORY AND REGULATORY CONTEXT**
### **OF THIS COMPLAINT**

The plaintiff sought certain financial benefits (called "trade adjustment assistance" (TAA) under the Trade Acts of 1974 and 2002. The purpose of the TAA is to provide a mix of re-employment services, allowances and training to mitigate the financial impact upon workers unemployed as a result of an increase in imports. 20 C.F.R. § 617.2. The Secretary of the

---

1. The defendant Gee and the defendant Campbell have not been served as of the date of the filing of this motion.

1  Department of Labor is charged with the administration of the Act.  19 U.S.C. § 2312.  The

2  Secretary is also  authorized to enter into agreements with the states to have the states assume the

3  duties of supplying the re-employment services, eligibility determination, and payments.  *Id.* at

4  § 2311.  The Secretary is authorized to promulgate regulations pursuant to 19 U.S.C. § 2320

5  implement the program.  Those  regulations are found at 20 C.F.R. §§ 617.1-617.49.  California

6  is one of the cooperating states.[2/]  Once the Secretary certifies that certain  workers are adversely

7  affected by trade adjustment as set forth in 19 U.S.C. § 2272, the workers are eligible to apply

8  for re-employment services (e.g., counseling, testing, and placement (*Id.* at § 2295) for a trade

9  readjustment allowance or TRA (*Id.* at § 2291), the costs of specified training  (*Id.* at 2294),

10  relocation reimbursement (*Id.* at § 2297) or job search allowance.  *Id.* at § 2298.)  The worker

11  may be eligible for "Basic TRA," consisting of 52 weeks of TRA , and an additional 52 weeks if

12  the worker is in training (*Id.* at § 2293(a)(3)); and  and an allowance entitled  "Additional TRA",

13  an additional 26 weeks if the worker is still in training that is over and above the Basic TRA.  *Id.*

14  at 2293(a)(3).  No additional TRA may be paid, however, if the worker did not make a bona fide

15  application within 210 days of the date of the worker's certification by the Secretary.  *Id.* at

16  § 2293(b); 20 C.F.R. § 617(b)(2).

17      Because TRA functions something like the federal unemployment insurance program, the

18  two systems are to compliment each other.  See, e.g., 19 U.S.C. § 2296(d).  All eligibility

19  determinations to entitlement  for Basic TRA, Additional TRA, training, or re-employment

20  services are subject to review under applicable state law.  *Id.* at § 2231(d).  In California,

21  administrative review of decisions of EDD is governed by California Unemployment Insurance

22  Code section 311 and sections 401-410; California Government Code sections 11500 *et seq*., and

23  California Code of Regulations, title 22, §§ 5000 *et seq*.  Judicial review of administrative

24  decisions is governed by California Code of Civil Procedure sections 1085 and 1094.5.

25  ///

26

27

28      2.  California (represented by the Director of EDD) has signed an agreement with the
Secretary of Labor to administer TAA.  The plaintiff does not dispute that fact.

1    Promptness and efficiency in making determinations and getting the benefits out to

2    qualified workers under the Acts are a priority.  However, there is no sanction or fine payable to

3    a worker against a state set forth in either the TAA itself or the regulations for a failure on the

4    part of the state to comply with the law or regulations.  If California does not "substantially"

5    comply with its agreed responsibility to administer TAA, the  Secretary may either terminate the

6    agreement pursuant to a hearing set forth in 19 U.S.C. § 617.60(f) or suspend payments to the

7    non-complying state pursuant to 20 C.F.R § 640.2.  If the worker has a grievance regarding

8    determinations or non-action by the state agency regarding his/her TRA, state procedural review

9    must be followed.

10    20 C.F.R. § 617.60(e) provides as follows:

11    In making determinations, re-determinations, and in connection with
      proceeding for review thereof, a State or State agency which has executed an
12    Agreement as provided in this section shall be an agent of the United States
      and shall carry out fully the purposes of the Act and this part 617.
13

14    Hence, TAA is administered by the states and if the worker has a complaint with that

15    administration, his/her remedy is to pursue state review procedures.  If the state agency is

16    systemically not following the application law and regulations, Congress intended that the

17    Secretary is charged, not the individual worker, with the exclusive power to compel compliance

18    by terminating the agreement or imposing a fiscal sanction.

19    **STATEMENT OF THE FACTS AS ALLEGED**

20    The plaintiff applied to EDD for TAA/TRA benefits on July 13, 2002.  Complaint at ¶ 41.

21    EDD denied his application because his separation from his prior employer had not been

22    "certified" as adversely affected by the Department of Labor.  *Id.* at ¶ 43.  However, EDD

23    granted him unemployment insurance benefits.  *Id.* at ¶¶ 41/68.  On October 27, 2002 the

24    plaintiff and two former co-workers applied under TAA to the Department of Labor for

25    certification.  *Id.* at ¶ 45.  On July 14, 2003, the Department of Labor certified that "[a]ll workers

26    at Electronglas, Inc, ... are eligible to apply for adjustment assistance under Section 223 of the

27    Trade Act of 1974."  *Id.* at ¶ 54.  On July 31, 2003, the plaintiff applied again to EDD for TAA

28    benefits.  *Id.* at ¶ 55.  On October 10, 2003, EDD found the plaintiff met the "criteria set forth in

19 U.S.C. § 2291 and 20 C.F.R. § 617" which made him eligible to receive Basic TRA.  *Id.* at ¶ 65.  On October 30, 2003, EDD (Crawley) sent plaintiff  a "Notice Regarding Eligibility for Basic TRA," which informed the plaintiff that he was eligible to receive a weekly benefit of $330.00 for 13 weeks starting October 19, 2003.  *Ibid*.

On the same day, however, EDD (Crawley) issued another "Notice Regarding Eligibility for Basic TRA" in which his eligibility  was denied on the ground that the plaintiff  had a "potential entitlement for a new UI Claims or extension"  *Ibid*.

On October 6, 2004, EDD denied the plaintiff eligibly for Basic TRA beginning May 26, 2004, on the ground that his eligibility for Basic TRA had ended on June 26, 2004.  Complaint at ¶ 72. The plaintiff appealed the decision to the California Unemployment Insurance Appeals Board (Appeals Board).  *Ibid*.  On January 21, 2005, the assigned Administrative Law Judge (ALJ) reversed the denial of Basic TRA benefits, holding that EDD had been too strict in its interpretation of the regulations and that he should be granted benefits "if otherwise eligible."  *Id.* at¶ 79.[3/]

On November 15, 2004, the plaintiff submitted an application to EDD for training.  He was seeking payment for the expense of attending San Jose State University to obtain a Masters of Science degree in Industrial Systems and Engineering.  Complaint at ¶ 80. On January 24, 2005, EDD (Gee) denied the plaintiff's application for training on three grounds, two of which had nothing to do with the plaintiff (but with the contracting process and a problem dealing with the contracting training entity) and one ground to the effect that the plaintiff had not submitted the necessary information.  *Id.* at ¶ 80.  The plaintiff appealed this decision to the Appeals Board.  *Ibid*.  On June 23, 2005, the assigned ALJ affirmed the decision of EDD to deny the training to the plaintiff.  *Ibid*.  The plaintiff appealed from the ALJ's decision to the Appeal Board itself.  *Ibid*.  On November 15, 2005, the Appeals Board reversed, granting him training costs as long as

---

3. The Appeals Board assigns an ALJ to hear an appeal.  Once the ALJ issues a decision, either EDD or the claimant may appeal.  The appeal is then assigned to a panel of the Appeals Board, which decides the issue(s) on appeal.  California Unemployment Insurance Code section 1334.

1   he was "otherwise eligible."  Complaint at ¶ 92.

2       On August 17, 2005, EDD (Gee) denied the plaintiff's second application for training based

3   upon nine different reasons under 20 C.F.R § 617.22.  *Id.* at ¶ 91. The plaintiff appealed.  On

4   January 18, 2006, the assigned ALJ initiated an hearing which, for lack of a witness or witnesses

5   was not completed.  EDD withdrew its denial of the plaintiff's second application and, on

6   February 9, 2006, the assigned ALJ dismissed the appeal.  Because EDD took what the plaintiff

7   considered to be an unreasonable amount of time to determine whether the plaintiff was eligible,

8   he petitioned the Appeals Board  to reinstate his appeal.  *Id.* at ¶ 99.  The Appeals Board

9   reinstated his appeal.  *Id.* at ¶ 100.  On June 22, 2006, the reinstated appeal was held.  *Id.* at

10  ¶ 103.  On June 28, 2006, the assigned ALJ reversed EDD's denial of benefits and directed EDD

11  to determine whether the plaintiff was entitled to Additional TRA.  *Ibid*.

12      On August 4, 2006, EDD (Crawley) denied the plaintiff eligibility for Additional TRA on

13  the ground that he had not applied for training within 210 days after his separation from

14  employment under 20 C.F.R. § 617(b)(2).  Complaint at ¶ 106.  The plaintiff appealed.  *Ibid*.  On

15  November 3, 2006, the assigned ALJ reversed the August 4, 2006 denial of the application of the

16  plaintiff for TRA benefits on the ground that EDD had not given the plaintiff clear written notice

17  of the conditions of application.  *Id.* at  ¶ 110.  EDD appealed the decision of the ALJ to the

18  Appeals Board.  *Ibid*.  On April 5, 2007, the Appeals Board affirmed the decision of its assigned

19  ALJ.  *Id.* at ¶ 114.

20      On October 10, 2007, EDD paid for the plaintiff's cost of training.  Complaint at ¶ 114.

21  However, the plaintiff alleges he has not been paid his Additional TRA pursuant to the ALJ's

22  decision of November 3, 2006 (*Id.* at ¶ 110), affirmed by the Appeals Board on April 5, 2007.

23  *Id.* at ¶ 119.

24                    **STATEMENT OF ISSUES PRESENTED**

25      1.    Are EDD and its employees, in their administration of TAA and in the employees'

26  official capacity, protected by sovereign immunity and the Eleventh Amendment from damages

27  in claims asserted  under 42 U.S.C. § 1983?

28      2.    Does the plaintiff have a private right of action under TAA to challenge a decision of

Memorandum of Points and Authorities in Support of Motion to Dismiss          *Nagahi v. EDD, et al.*; C 07-06268 PVT

6

1  EDD in administering TAA under its agreement with the Secretary of Labor?

2      3.    Has the plaintiff, in any of his causes of action, set forth facts that support a cognizable

3  denial by the state defendants of a constitutional (First Amendment, Fifth Amendment or the

4  Fourteenth Amendment) or federal statutory right (under the TAA) pursuant to  42 U.S.C.

5  §§ 1983, 1985, 1986, or 2000d, or any federal statutory right of the plaintiff under TAA?

6      4.    Has the plaintiff stated a cause of action against the state defendants based upon the

7  Administrative Procedure Act (5 U.S.C. §§ 701-706)?

8      5.    Has the plaintiff stated a cause of action against the state defendants based upon

9  slander or the negligent or intentional infliction of emotional distress?

10                                    **ARGUMENT**

11                                    **INTRODUCTION**

12     The plaintiff's complaint is subject to dismissal pursuant to Federal Rules of Civil

13  Procedure § 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal theory or the

14  absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*

15  *Department* 901 F.2d 696, 699 (9th Cir. 1988.)

16     The plaintiff has alleged causes of action against a state department (EDD) and seven state

17  employees, seeking injunctive relief and damages against the state employees in their official

18  and personal capacities.  His basic claim appears based upon his belief that EDD and certain of

19  its employees engaged in negligent or willful efforts to delay or deny his receipt of the

20  TAA/TRA benefits to which he was found ultimately entitled.  He alleges that the delay and

21  effort involved caused him to suffer considerable expense, loss of time, loss of confidence in the

22  administrative process, loss of dignity, embarrassment, anger, loss of sense of personal efficacy,

23  economic damages, emotional distress, and loss of capacity to enjoy life and loss of self-esteem,

24  for which the defendants are liable in damages.  E.g., Complaint at ¶ 194.

25     The plaintiff has alleged neither a cognizable legal theory against these defendants, or if a

26  cognizable theory exists, has not alleged sufficient facts to support the theory.  Each cause of

27  action will be taken in turn, individually or collectively as seems appropriate.

28  ///

1  ///

2                                                I.

3             **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
             **AGAINST THE STATE DEFENDANTS UNDER THE FEDERAL**
4                    **ADMINISTRATIVE PROCEDURE ACT.**

5             The plaintiff seeks a writ of mandate (although he calls it injunctive relief) to compel the

6    state defendants, in addition to the Secretary, to comply with the requirements of TAA and the

7    regulations of the Secretary under 5 U.S.C. §§ 701-706 APA).  The federal APA provides a

8    remedy to compel a federal agency–not a state agency–to act.  Even if EDD is considered a

9    federal agency because it is administrating a federal program under agreement with a federal

10   agency, the APA is not available.

11            Mandate in federal court is not available unless there is a showing that "no other adequate

12   remedy" is available.  *Kildare v. Saenz* 325 F.3d 1078, 1084 (9th Cir. 2003).  The plaintiff has a

13   remedy at state law under the procedures for appeal from any determination of the EDD to the

14   Appeals Board.  California Unemployment Insurance Code, §§ 401-410.  If he is dissatisfied

15   with the decision of the Appeals Board, he can seek judicial review in state courts pursuant to

16   California Code of Civil Procedure, § 1094.5.

17                                               II.

18            **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
                         **AGAINST THE STATE DEFENDANTS**
19                       **UNDER THE FIRST AMENDMENT.**

20            The plaintiff contends that he is entitled to damages against the state employee defendants

21   on the ground that they deprived him of his right to petition for redress of grievances under the

22   First Amendment because the defendant Crawley on January 26, 2006 refused to issue a

23   determination on his application for remedial training.  Complaint at ¶ 132.  He further contends

24   that defendant Crawley's supervisors, Bronow, Smith and Boomer, had the obligation to

25   supervise or train the defendant Crawley so he would make such a determination and, because

26   they did not, they are liable to him for damages.

27            First, the plaintiff does not have a direct cause of action under the First Amendment for his

28   alleged denial of due process.  The petitioner, suing the state and its officials, must rely for

1   redress of constitutional grievances under the Civil Rights Acts , particularly 42 U.S.C. § 1983.

2   *Hartman v. Moore* 547 U.S. 250, 251 (2006) ; *Gibson v. United States* 781 F.2d 1334, 1338 (9th

3   Cir. 1986).

4        Second, neither EDD, as a state agency, or the individual state employee defendants can be

5   sued in their official capacities for damages under section 1983.  "[N]either a State nor its

6   officials are 'persons' under section 1983."  *Will v. Michigan Department of State Police* 491

7   U.S. 58, 71 (1989).  Consequently, the state defendants can not be sued for damages in their

8   official capacity under section 1983.  *Ibid*.  Therefore, the plaintiff may only sue the state

9   defendants in their personal capacity.  *Kentucky v. Graham* 473 U.S. 159, 166 (1985).  It will be

10  necessary for the plaintiff to allege facts sufficient to the effect  that the state defendants violated

11  his constitutional rights or federal statutory rights and further, because the violation must be

12  intentional,  that they violated those rights without any objectively reasonable basis upon which

13  to do so.  *Ibid*.

14       The plaintiff in the allegations supporting this cause of action, and for that matter, in all the

15  remaining causes of action, has not alleged facts that he is entitled to damages under the TAA

16  under section 1983.  TAA is administered by the states and if the worker has a complaint with

17  that administration, his or her remedy is under state review procedure.  19 U.S.C. § 2231(d); 20

18  C.F.R. § 617.60(e);  *Schwieker v. Chilicky* 487 U.S. 412, 426 (1988) (no section 1983 cause of

19  action for unreasonable delay of  disability benefits under Social Security Act because Congress

20  established a comprehensive and exclusive administrative review system).

21       If the state agency has a pattern and practice of not following the applicable law or

22  regulations, Congress intended that the Secretary is charged, not the individual worker, with the

23  exclusive power to compel compliance by terminating the agreement 19 U.S.C. § 617.60(f)) or

24  imposing a fiscal sanction.  20 C.F.R § 640.2.  Congress has therefore created a comprehensive

25  enforcement scheme that forecloses a private right of action under TAA.  *Blessing v. Freestone*

26  520 U.S. 329, 362 (1992) (holding that there was no section 1983 private right of action to

27  enforce provisions of Social Security IV-D disability provisions against state officials allegedly

28  not complying with federal law when Congress intended that the administrating federal agency

Memorandum of Points and Authorities in Support of Motion to Dismiss          *Nagahi v. EDD, et al.*; C 07-06268 PVT

9

1   be given exclusive power to supervise).

2       Assuming the plaintiff has alleged a violation of a constitutional right or federal statutory

3   right under section 1983, there is no "respondeat superior" liability under section 1983.  *Morrell*

4   *v. Department of Social Services of New York*  436 U.S. 658, 693 (1978).  The plaintiff, as

5   regards supervisors, must allege that Bronow, Smith or Boomer knew of and participated in the

6   January 26, 2006 alleged failure of the defendant Crawley to issue a determination.  *Jones v.*

7   *Williams* 297 F.3d 930, 934 (9th Cir. 2002).[4/]

8       Finally, a failure on the part of the defendant Crawley to issue a determination on

9   January 26, 2006 does not constitute a violation of the First Amendment.  The plaintiff applied

10  for specific benefits within a statutory scheme.  He alleges that the issuance of the determination

11  of his application was unduly delayed.  His redress is pursuant to the administrative scheme set

12  forth in the law and regulations governing the TAA.  He was not denied the right to petition for

13  redress of his grievances.  Assuming he is not barred from suit because he has no access to

14  federal court under section 1983 regarding TAA benefits, he still must  clearly describe  a

15  constitutional or federal right to obtain relief under section 1983.  *Elder v. Hollaway* 510 U.S.

16  510, 516 (1994).

17                              **III.**

18          **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
                **AGAINST THE STATE DEFENDANTS**
19              **UNDER THE FIFTH AMENDMENT**.

20      The plaintiff alleges that he has a protected property interest under TAA which entitles him

21  to a right of due process under the Fifth Amendment.  He alleges that at the January 18, 2006,

22  _____

23      4.  Plaintiff simply has not met that burden.  The defendant Bronow is sued because she is
    alleged to be the Deputy Director of EDD's UI Branch.  Complaint at ¶ 11.  The defendant Smith
24  is alleged to be the Chief of EDD's UI Division Central Office in Sacramento and is alleged to, in
    part, administer TAA benefit programs.  *Id.* at ¶ 12.  The defendant Boomer is alleged to be the
25  Assistant Chief to the defendant Smith in the UI Division Office in Sacramento  *Id.* at ¶ 13.  The
    defendant Campbell is alleged to be the State Trade Act Coordinator in Sacramento.  *Id.* at ¶ 17.
26  Each of these defendants is alleged to have responsibility for administration of TAA in California.
    E.g., *Id.* at ¶ 15, lines 17-20.  Defendant Bronow issued a memorandum interpreting a provision of
27  the TAA.  *Id.* at ¶ 71.  Defendant Smith appealed a decision granting the plaintiff  benefits.  *Id.* at
    ¶ 110, 112.  Defendant Boomer issued a decision denying the plaintiff benefits.  *Id.* at ¶ 113.
28

1    hearing, he "realized" the defendants were planning to deprive him of his due process of law.

2    Complaint at ¶ 139.  To the extent that the Fifth Amendment and its requirement of due process

3    is imposed upon the states, the plaintiff must seek liability against the state pursuant to 42 U.S.C.

4    § 1983.  In regards to section 1983, the EDD, as a state agency, has sovereign immunity and may

5    not be sued in federal court.  *Jackson v. Hayakawa* 982 F.2d 1344, 1350-1351 (9th Cir. 1982).

6    The fact that California has agreed with the Secretary to administer TAA can not be considered a

7    waiver of California's sovereign immunity.  In fact, California is not administering the program

8    under "color of state law" as required for liability under section 1983.  California, through EDD,

9    is acting as an agent of the United States.  19 U.S.C. § 617.60(e).

10       The individual state employee defendants can not be sued in their official capacities for

11   damages.  "[N]either a State nor its officials are 'persons' under section 1983."  *Will v. Michigan*

12   *Department of State Police* 491 U.S. at 71.  Accordingly, the plaintiff must seek damages against

13   the state employees in their personal capacities.  However, that avenue is foreclosed because

14   there is no direct right of action against a state defendant under the Fifth Amendment.

15                                              **IV.**

16          **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
                      **AGAINST THE STATE DEFENDANTS**
17             **UNDER THE FOURTEENTH AMENDMENT.**

18       The plaintiff alleges that the state employee defendants made it difficult for him to obtain

19   the benefits under TAA to which he thought he was entitled and hence "plaintiff is and has been

20   deprived of his  rights to due process of law, equal protection under the law and property

21   interests" sufficient to violate the Fourteenth Amendment.  The plaintiff's rights are protected

22   under the statutory and regulatory scheme set forth regarding TAA.  He has not been denied any

23   rights to which he is entitled.  His basic complaint is that it took him, in his opinion, an

24   inordinate amount of time to receive the benefits to which he was entitled and that he still does

25   not have the Additional TRA that he was supposed to receive under an ALJ decision.  However,

26   because there are no substantive allegations that he was actually deprived of due process, any

27   property right or anything else other than a delay in the receipt of those benefits, and because he

28   always had an adequate state remedy, he has not otherwise stated a cause of action.

1    ///

2        Finally, incorrect determinations or a  failure to provide benefits ordered pursuant to the

3    review process (e.g., the order from the ALJ that the plaintiff receive Additional TRA) by a state

4    agency is subject to review and correction  in state court.  Calif. Code Civ. Proc., § 1085.  TAA

5    does not provide for penalties on the part of the federal or  state officials entrusted to carry out

6    the program.

7    **V.**

8    **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
**AGAINST THE  STATE DEFENDANTS**
9    **UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983.**

10        EDD and the state employee defendants can not be held are not liable in their official

11    capacity under 42 U.S.C. § 1983.  *Will v. Michigan Department of State Police* 491 U.S. at 71.

12    The state employee defendants are not liable in their personal capacities because the plaintiff has

13    not alleged that they or any of them deprived him of any right to which TAA attached a penalty

14    or compensation.  His only complaint is that his access to TAA benefits were delayed or not

15    provided.  To the extent that any individual state employee denied him his application for TAA

16    benefits, he always had a right of administrative review which he frequently and successfully

17    pursued.  *Schwieker v. Chilicky* 487 U.S. at 426.

18        Assuming the state employee defendants misinterpreted the law relating to the

19    administration of the TAA, they are entitled to qualified immunity from suit because the plaintiff

20    has not alleged facts to establish that their conduct was in violation of "clearly established law"

21    that created a constitutional or federal right in his favor.  *Anderson v. Creighton,* 483 U.S. 635,

22    638 (1987).

23    **VI.**

24    **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
**AGAINST THE STATE DEFENDANTS UNDER THE CIVIL**
25    **RIGHTS ACT, 42 U.S.C. § 1985(3) OR § 1986, OR A THEORY**
**OF CONSPIRACY UNDER STATE LAW.**

26

27        The plaintiff alleges facts to support three conspiracy theories of liability, under 42 U.S.C.

28    § 1983(3), 42 U.S.C. § 1986, and under California Penal Code section 1823.  In essence, the

Memorandum of Points and Authorities in Support of Motion to Dismiss          *Nagahi v. EDD, et al.*; C 07-06268 PVT

1  plaintiff alleges that the defendants Bronow, Smith , Boomer, Crawley, Gee, Campbell and

2  Kindschi conspired to interfere with his right to equal protection under TAA.  To state a claim

3  for conspiracy for violation constitutional rights, "the plaintiff must state specific facts to support

4  the existence of the claimed conspiracy."  *Olsen v. Idaho State Board of Medicine* 363 F.3d 916,

5  938 (9th Cir. 2004).

6      The plaintiff alleges that all defendants had some participation in the various

7  determinations, appeals and decisions which affected the plaintiff.  However, other than the

8  plaintiff's belief and allegation that they were all in a conspiracy against him, there are no facts

9  alleged to support such a conspiracy.  Boomer just issued a directive.  Smith just appealed a

10  decision in favor of the plaintiff by an assigned ALJ.  Crawley and Gee were apparently the

11  plaintiff's case workers and issued determinations (or delayed issuing determinations)with which

12  the plaintiff disagreed.  However, other than plaintiff's conclusions that they were working in a

13  conspiracy against him, there are no allegations sufficient to support a conspiracy.

14      Finally, to state a claim for conspiracy under § 1985(3) or § 1986, the plaintiff must first

15  have a cognizable claim under section 1983 that his constitutional right to equal protection has

16  been violated.  As we have seen, the plaintiff has not alleged such a claim.

17                                  **VII.**

18          **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
            **AGAINST THE STATE DEFENDANTS UNDER 42 U.S.C. § 2000d.**
19

20      The plaintiff alleges that the actions of the state defendants were designed to deny him

21  benefits under TAA by reason of his race and/or national origin as prohibited by 42 U.S.C.

22  § 2000d.  The plaintiff, however, does not allege that he was a member of any particular race

23  and/or national origin that was the subject of discrimination.  From the allegations of the

24  complaint, all that appears is that the plaintiff as an individual (regardless of whatever race or

25  national origin he might be) was the subject of the actions or inactions of the state employee

26  defendants.

27  ///

28  ///

1  ///

2  ## VIII.

3  ### THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
   AGAINST THE STATE DEFENDANTS OF FRAUD BY OMISSION OR
4  NONDISCLOSURE, SLANDER, UNINTENTIONAL INFLICTION OF MENTAL
   DISTRESS, OR INTENTIONAL INFLICTION OF MENTAL DISTRESS.

5

6       The plaintiff attempts to pled a facts under some state cause of action for slander,

7  defamation or negligence or intentional tort.  A state-law claim against the state employee

8  defendants, sued in the personal capacity for damages under a theory of negligence or tort, does

9  not state a section 1983 claim.  *Town of Castle Rock v. Gonzales* 545 U.S. 748, 768 (2005)

10  (holding no section 1983 cause of action against police who failed to enforce a restraining order

11  against a husband because they were not under a mandatory duty to act–negligence was

12  insufficient to create a cause of action).  The state employee defendants can not be sued in their

13  personal capacity for damages under a theory of defamation under section 1983.  *WMX Techs. v.*

14  *Miller* 80 F.3d 1315, 1315 (9th Cir. 1991).  In any event, a statement by the defendant Crawley in

15  an adversary proceeding that the plaintiff was engaged "in a mad grab for money" (Complaint at

16  ¶ 196) is hardly slander and does not raise an inference that the plaintiff was attempting to

17  defraud the TAA program.  In any event, these purely state claims, because there is no valid

18  federal claim among them, must be decided (if the plaintiff wishes to seek that forum) in state

19  court.

20  ## IX.

21  ### THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
   FOR ANY FORM OF INJUNCTIVE RELIEF.

22

23       The plaintiff has received all the TAA benefits to which he is entitled.  If there are some

24  benefits to which he believes he is entitled and has not received, he has  an adequate remedy

25  under state law.  *Schwieker v. Chilicky*  487 U.S. at 426.  He does not allege any continuous,

26  systematic violation of TAA that directly affects him and which would give him standing to

27  pursue any injunctive relief against EDD or any of its employees.  If California is not complying

28  with its agreement with the Secretary, the Secretary has the remedy set forth in 19 U.S.C.

1    § 617.60(f) and 20 C.F.R § 640.2.  *Blessing v. Freestone* 520 U.S. at 362.  That is the exclusive

2    remedy available.

3                                        **CONCLUSION**

4         For the reasons given above, the complaint of the plaintiff must be dismissed for his failure

5    to state a cause of action against EDD or any state employee.

6         Dated:    February 4, 2008.

7                                   Respectfully submitted,

8                                   EDMUND G. BROWN JR.
                                    Attorney General of the State of California

9                                   SUSAN M. CARSON
                                    Supervising Deputy Attorney General
10

11                                  /s/ Charlton G. Holland, III

12                                  CHARLTON G. HOLLAND, III
                                    Deputy Attorney General
13
                                    Attorneys for Defendants
14                                  California Employment Development Department,
                                    Forrest Boomer, Peter Kindschi, Deborah Bronow,
15                                  James Crawley, and Talbott A. Smith

16   40211657.wpd
     SF2007403425
17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **Reza Nagahi v. California Employment Development Department, et al.**

No.:               **In the United States District Court**
                   **For the Northern District of California**
                   **San Jose Division**
                   **Case No.:  C 07-06268 PVT**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On February 4, 2008, I served the attached **MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION OF STATE DEFENDANTS TO DISMISS
PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** by
placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in
the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

                   Reza Nagahi
                   840 Park Drive, Apt. C
                   Mountain View  CA  94040

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on February 4, 2008, at San Francisco,
California.

| Charlene Bava | /s/ Charlene Bava |
|---|---|
| Declarant | Signature |

40213882.wpd