EDMUND G. BROWN JR.
Attorney General of the State of California
SUSAN M. CARSON
Supervising Deputy Attorney General
CHARLTON G. HOLLAND, III, State Bar No. 36404
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5519
 Fax:  (415) 703-5480
 Email:  Charlton.Holland@doj.ca.gov

Attorneys for Defendants
California Employment Development Department,
Forrest Boomer, Peter Kindschi, Deborah Bronow,
James Crawley and Talbott A. Smith

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>                          Plaintiff,<br><br>     v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; DEBORAH BRONOW, JAMES CRAWLEY, PAULINE GEE, TALBOTT A. SMITH, FORREST E. BOOMER, PETER KINDSCHI, and TOM CAMPBELL, in their individual and official capacities, as present or former officers of California Employment Development Department; ELAINE L. CHAO, in her official capacity, as the United States Secretary of Labor; and DOES ONE through TEN, inclusive,<br><br>                          Defendants. | C 07-06268 PVT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**<br><br>Hearing:    April 1, 2008<br>Time:       10:00 a.m.<br>Courtroom: 5<br>Judge:      Honorable<br>                Patricia V. Trumbull |

## INTRODUCTION

The defendants' motion should be granted because it meets all the requirements for the ground for granting relief from default on the ground of "good cause," to wit:  there is no prejudice to the plaintiff; the defendants have a meritorious defense to his complaint; and there was no culpable conduct by the defaulting party.  *Pioneer Investment Servs. Co. v. Brunswick*

*Assocs. Ltd. Partnership* (1993) 507 U.S. 380, 395.  There is no indication that the defendants have attempted to take advantage of the plaintiff or to manipulate the legal process.  *TCI Group Life Ins. Plan v. Knoebber* 244 F.3d 691, 697 (9th Cr. 2001)   Federal Rule of Civil Procedure Rule 55 states that such a motion should be granted if the moving party demonstrates "good cause."

Finally, there in fact was no default.  The defendants accepted a complaint and summons that provided, as the process of the Court, that they had 60 days in which to respond to the complaint.  As seen below, "good cause" is shown.

**STATEMENT OF ISSUE PRESENTED**

Should the motion for relief from default be granted?[1/]

**STATEMENT OF THE FACTS**

The complaint and summons were served on the defendant EDD on December 14, 2007.  The defendant EDD made the decision to accept service on behalf of itself and the defendants Forrest Boomer, Peter Kindschi, Deborah Bronow, and Talbott A. Smith.  The summons served upon the defendant EDD provided that a response to the complaint had to be filed within sixty (60) days of service.   That date would be February 14, 2008.[2/]

Neither the defendant Gee nor the defendant Campbell have been served.  The defendant Crawley was served personally with a summons and complaint on January 14, 2008.  That summons provides that a response to the complaint had to be filed within 20 days of the complaint, or February 4, 2008.

Charlton G. Holland, the assigned Deputy Attorney General, who was on vacation when a 20 period would have expired, was uncertain about the actual response time because the summons stated that a response was due in 60 days.  On January 10, 2008, he spoke to plaintiff

---

1. In the event that the plaintiff has obtained a default judgment against the defendants, the defendants request that this motion be considered by the Court as a motion to set aside a judgment pursuant to Rules of Federal Procedure Rule 60.

2. The facts set forth in this Memorandum are supported by the Declaration of Charlton G. Holland, Deputy Attorney General, which accompanies this Memorandum.

1  and stated his belief that the response time was 60 days in light of the summons. Because he was
2  uncertain, he requested that the plaintiff sign a stipulation to that effect. The plaintiff was non-
3  committal although the plaintiff did not appear to be aware that a shorter time might be required.
4  Charlton G. Holland sent the stipulation to the plaintiff on January 10, 2008 for his signature.
5  However, on January 21, 2008, the plaintiff telephoned and left a voice mail message to the
6  effect he was entering the default of the served defendants. Charlton G. Holland faxed the
7  plaintiff a letter requesting the plaintiff not to enter a default stating that the served defendants
8  would respond within the 60 day period and that the plaintiff was just creating unnecessary work
9  for both. The defendant refused. Accordingly, notwithstanding that the plaintiff knew there
10 was a dispute over the response time (but no later than 60 days) and with full knowledge that the
11 defendants intended to litigate the case, the plaintiff had a default entered.
12         Attached is a motion to dismiss the complaint pursuant to Rule 12(b)(6) on behalf of
13 all defendants (except Gee and Campbell).

14                                    **ARGUMENT**

15         The defaulted state defendants request of the Court that it be fair in this matter. The
16 motion of the state defendants should be granted. There is no prejudice to the plaintiff. The
17 defendants have not attempted to manipulate the judicial system. The summons served on the
18 defendants and which served as notice from the plaintiff when he expected a response to be due
19 was sixty (60) days from the date of service. The assigned Deputy Attorney General attempted
20 to resolve the matter by stipulation and reasonably believed that the plaintiff would accept such a
21 stipulation. The defendants have acted promptly to set aside the default. The defendants have a
22 good and meritorious defense as shown by the motion to dismiss attached to the declaration of
23 Charlton G. Holland. "Good cause" exists for this motion to be granted.
24         Finally, when a summons is issued and served on defendants stating a 60 day response
25 period, the plaintiff must accept that time response. The defendants note to the Court that the
26 notice and acknowledge of service form used by the Northern District states that acknowledged
27 service provides for a 60 day response period.
28 //

# CONCLUSION

The motion of the state defendants pursuant to Rule 55 should be granted for the reasons given above.

Dated: February 4, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General

/s/ Charlton G. Holland, III

CHARLTON G. HOLLAND, III
Deputy Attorney General
Attorneys for Defendants

40211815.wpd
SF2007403425

Memorandum of Points and Authorities in Support of Motion to Set Aside Default
Reza Nagahi v. California Employment Development Department, et al. C 07-06268 PVT

4

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:  **Reza Nagahi v. California Employment Development Department, et al.**

No.:  **In the United States District Court
For the Northern District of California
San Jose Division
Case No.:  C 07-06268 PVT**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>February 4, 2008</u>, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

>  Reza Nagahi
>  840 Park Drive, Apt. C
>  Mountain View  CA  94040

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 4, 2008, at San Francisco, California.

| Charlene Bava | /s/ Charlene Bava |
|---|---|
| Declarant | Signature |

40213748.wpd