**EXHIBIT A**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  CHARLTON G. HOLLAND, III, State Bar No. 36404
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
5    Telephone: (415) 703-5519
     Fax: (415) 703-5480
6    Email: Charlton.Holland@doj.ca.gov

7  Attorneys for Defendants
   California Employment Development Department,
8  Forrest Boomer, Peter Kindschi, Deborah Bronow,
   James Crawley and Talbott A. Smith
9
                 IN THE UNITED STATES DISTRICT COURT
10
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12

13  | REZA NAGAHI,                              | C 07-06268 PVT                        |

14  |                              Plaintiff,   | **NOTICE OF MOTION OF**               |
                                                 **STATE DEFENDANTS AND**
15  |             v.                            | **MOTION TO DISMISS**
                                                 **PURSUANT TO RULE 12 (B) (6)**
16  | CALIFORNIA EMPLOYMENT DEVELOPMENT         | **OF THE FEDERAL RULES**
      **DEPARTMENT; DEBORAH BRONOW, JAMES**       **OF CIVIL PROCEDURE**
17  | **CRAWLEY, PAULINE GEE, TALBOTT A.**       |
      **SMITH, FORREST E. BOOMER, PETER**          Hearing:    April 1, 2008
18  | **KINDSCHI, and TOM CAMPBELL, in their**    Time:       10:00 a.m.
      **individual and official capacities, as present or**  Courtroom: 5
19  | **former officers of California Employment**  Judge:      Honorable
      **Development Department; ELAINE L. CHAO, in**            Patricia V. Trumbull
20  | **her official capacity, as the United States Secretary**
      **of Labor; and DOES ONE through TEN, inclusive,**
21
22  |                              Defendants.  |

23

24       **TO PLAINTIFF REZA NAGAHI, PLAINTIFF IN PRO PER:**

25       **PLEASE TAKE NOTICE** that the Defendants Employment Development

26  Department, Forrest Boomer, Peter Kindschi, Deborah Bronow, James Crawley, and Talbott A.

27  Smith hereby move this Court, Courtroom 5, on April 1, 2008, at 10:00 a.m. at 280 South First

28  Street, San Jose, CA 95113, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

Motion to Dismiss -Reza Nagahi v. California Employment Development Department, et al. C 07-06268 PVT

1                                                                    **EXHIBIT A**

1  for an order dismissing the complaint, as to the above named defendants, on the grounds that the

2  plaintiff has failed to state any cause of action against these defendants.

3         This motion is based on the attached memorandum of points and authorities and the

4  court file herein.

5         Dated: February 4, 2008

6                                    Respectfully submitted,

7                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

8                                    SUSAN M. CARSON
                                     Supervising Deputy Attorney General
9

10                                   **/s/ Charlton G. Holland, III**

11                                   CHARLTON G. HOLLAND, III
                                     Deputy Attorney General

12
                                     Attorneys for Defendants
13                                   California Employment  Development Department,
                                     Forrest Boomer, Peter Kindschi, Deborah Bronow,
14                                   James Crawley and Talbott A. Smith

15

16    40204625.wpd
      SF2007403425
17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss -Reza Nagahi v. California Employment Development Department, et al. C 07-06268 PVT

2

**EXHIBIT A**

EDMUND G. BROWN JR.
Attorney General of the State of California
SUSAN M. CARSON
Supervising Deputy Attorney General
CHARLTON G. HOLLAND, III, State Bar No. 36404
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:    (415) 703-5519
  Facsimile:     (415) 703-5480
  Email:  Charlton.Holland@doj.ca.gov

Attorneys for Defendants
California Employment Development Department,
Forrest Boomer, Peter Kindschi, Deborah Bronow,
James Crawley, and Talbott A. Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **REZA NAGAHI,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; DEBORAH BRONOW, JAMES CRAWLEY, PAULINE GEE, TALBOTT A. SMITH, FORREST E. BOOMER, PETER KINDSCHI, and TOM CAMPBELL, in their individual and official capacities, as present or former officers of California Employment Development Department; ELAINE L. CHAO, in her official capacity, as the United States Secretary of Labor; and DOES ONE through TEN, inclusive,**<br><br>Defendants. | Case No. C 07-06268 PVT |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF STATE DEFENDANTS
TO DISMISS  PURSUANT TO RULE 12(b)(6)
OF THE FEDERAL RULES OF CIVIL PROCEDURE

**EXHIBIT A**

# TABLE OF CONTENTS

Page

INTRODUCTION                                                              2

THE STATUTORY AND REGULATORY CONTEXT
OF THIS COMPLAINT                                                         2

STATEMENT OF THE FACTS AS ALLEGED                                        4

STATEMENT OF ISSUES PRESENTED                                            6

ARGUMENT                                                                  7

    INTRODUCTION                                      7

    I.   THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS UNDER THE FEDERAL
       ADMINISTRATIVE PROCEDURE ACT.                    8

    II.  THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS
       UNDER THE FIRST AMENDMENT.                        8

    III. THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS
       UNDER THE FIFTH AMENDMENT.                        10

    IV. THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS
       UNDER THE FOURTEENTH AMENDMENT.                   11

    V.  THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE  STATE DEFENDANTS
       UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983.     12

    VI. THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS UNDER THE CIVIL
       RIGHTS ACT, 42 U.S.C. § 1985(3) OR § 1986, OR A THEORY
       OF CONSPIRACY UNDER STATE LAW.                    12

    VII. THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS UNDER 42 U.S.C. § 2000d.   13

    VIII. THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
       AGAINST THE STATE DEFENDANTS OF FRAUD BY
       OMISSION OR NONDISCLOSURE,  SLANDER,
       UNINTENTIONAL INFLICTION OF MENTAL DISTRESS, OR
       INTENTIONAL INFLICTION OF MENTAL DISTRESS.        14

1

**TABLE OF CONTENTS  (continued)**

2
Page
3

IX.  THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
FOR ANY FORM OF INJUNCTIVE RELIEF.                              14

CONCLUSION                                                     15

**EXHIBIT A**

1

**TABLE OF AUTHORITIES**

2
**Page**

3 **Cases**

4 *Anderson v. Creighton,* 483 U.S. 635 (1987)    12

5 *Balistreri v. Pacifica Police Department* 901 F.2d 696 (9th Cir. 1988)    7

6 *Blessing v. Freestone*  520 U.S. 329 (1992)    9, 14

7 *Davis v. Astrue* 513 F. Supp. 2d 1137 (N.D. Cal. 2007)    2

8 *Elder v. Hollaway* 510 U.S. 510 (1994)    10

9 *Gibson v. United States* 781 F.2d 1334 (9th Cir. 1986)    9

10 *Hartman v. Moore* 547 U.S. 250 (2006)    9

11 *Jackson v. Hayakawa* 982 F.2d 1344 (9th Cir. 1982)    11

12 *Jones v. Williams* 297 F.3d 930 (9th Cir. 2002)    10

13 *Kentucky v. Graham* 473 U.S. 159 (1985)    9

14 *Kildare v. Saenz* 325 F.3d 1078 (9th Cir. 2003)    8

15 *Morrell v. Department of Social Services of New York*  436 U.S. 658 (1978)    10

16 *Olsen v. Idaho State Board of Medicine* 363 F.3d 916 (9th Cir. 2004)    13

17 *Schwieker v. Chilicky* 487 U.S. 412, 426 (1988)    9, 12, 14

18 *Town of Castle Rock v. Gonzales* 545 U.S. 748 (2005)    14

19 *Will v. Michigan Department of State Police* 491 U.S. 58 (1989)    9, 11, 12

20 *WMX Techs. v. Miller* 80 F.3d 1315 (9th Cir. 1991)    14

21
**Statutes**

22
20 C.F.R.

23    § 617    2, 3, 5
       § 617(b)(2)    3

24    § 617.2    2
       § 617.22    6

25    § 617.60(e)    4, 9, 11
       § 617.60(f)    4, 9, 14

26    § 640.2    4, 9, 14

       19 U.S.C.

27    § 2231(d)    9
       § 2271    2

28

**EXHIBIT A**

**TABLE OF AUTHORITIES  (continued)**

| | Page |
|---|---|
| § 2272 | 3 |
| § 2291 | 3 |
| § 2293(a)(3) | 3 |
| § 2294 | 3 |
| § 2295 | 3 |
| § 2296(d) | 3 |
| § 2297 | 3 |
| § 2298 | 3 |
| § 2311 | 3 |
| § 2312 | 3 |
| § 2320 | 3 |

5 U.S.C.
| | |
|---|---|
| §§ 701-706 | 7, 8 |

28 U.S.C.
| | |
|---|---|
| § 1331 | 2 |
| § 1343 | 2 |

42 U.S.C.
| | |
|---|---|
| § 1983 | 6, 8, 11, 12, 14 |
| § 1985(3) | 12, 13 |
| § 1986 | 12, 13 |
| § 2000d | 13 |

California Code of Civil Procedure
| | |
|---|---|
| § 1085 | 3, 12 |
| § 1094.5 | 3, 8 |

California Code of Regulations, Title 22
| | |
|---|---|
| §§ 5000 *et seq.* | 3 |

California Government Code
| | |
|---|---|
| §§ 11500 *et seq.* | 3 |

California Unemployment Insurance Code
| | |
|---|---|
| § 311 | 3 |
| §§ 401-410 | 3, 8 |

**Court Rules**

Federal Rules of Civil Procedure
| | |
|---|---|
| § 12(b)(6) | 2, 7 |

**Other Authorities**

| | |
|---|---|
| Trade Act of 1974 | 2 |
| Trade Act of 2002 | 2 |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  CHARLTON G. HOLLAND, III, State Bar No. 36404
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
5  Telephone:    (415) 703-5519
   Facsimile:    (415) 703-5480
6  Email: Charlton.Holland@doj.ca.gov

7  Attorneys for Defendants
   California Employment Development Department,
8  Forrest Boomer, Peter Kindschi, Deborah Bronow,
   James Crawley, and Talbott A. Smith
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14  **REZA NAGAHI,**                              Case No. C 07-06268 PVT

15                              Plaintiff,         **MEMORANDUM OF POINTS
                                                   AND AUTHORITIES IN
16          **v.**                                 SUPPORT OF MOTION OF
                                                   STATE DEFENDANTS TO
17  **CALIFORNIA EMPLOYMENT DEVELOPMENT**          DISMISS PURSUANT TO
    **DEPARTMENT; DEBORAH BRONOW, JAMES**          RULE 12(b)(6) OF THE
18  **CRAWLEY, PAULINE GEE, TALBOTT A.**           FEDERAL RULES OF CIVIL
    **SMITH, FORREST E. BOOMER, PETER**            PROCEDURE
19  **KINDSCHI, and TOM CAMPBELL, in their**
    **individual and official capacities, as present or**
20  **former officers of California Employment**    Date:        April 1, 2008
    **Development Department; ELAINE L. CHAO, in**  Time:        10:00 a.m.
21  **her official capacity, as the United States Secretary**  Courtroom:  5
    **of Labor; and DOES ONE through TEN, inclusive,**  Judge:
22                                                   Honorable Patricia V. Trumbull
                                **Defendants.**
23

24  ///

25  ///

26  ///

27  ///

28  ///

1

## INTRODUCTION

2  The plaintiff alleges in this case a complicated history of his efforts before defendant

3  employees[1] (state employees) of the defendant Employment Development Department (EDD)

4  (collectively, the state defendants) to obtain specified benefits under the Trade Act of 1974 (P.L.

5  93-618, as amended) and the Trade Act of 2002 (P.L. 107-210, as amended), 19 U.S.C. §§ 2271-

6  2321; 20 C.F.R. § 617 (collectively, TAA).

7  The plaintiff invokes the jurisdiction of this Court against the state defendants pursuant to 28

8  U.S.C. § 1331 and 28 U.S.C. § 1343.

9  The complaint of the plaintiff must be dismissed for failure to state a claim under Federal Rules

10  of Civil Procedure 12(b)(6). *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1142-43 (N.D. Cal. 2007). His

11  basic grievance is that it took him a long time to extract from EDD and its employees the TAA

12  benefits to which he was entitled and that (although this is not clear) he still has not received

13  Additional TRA benefits that an ALJ decided he was entitled to receive. Although the many causes

14  of action pled by the plaintiff will be discussed below, the essential defense of the defendants is

15  straight forward. The benefits the plaintiffs sought and seeks now (apparently) are provided to

16  workers under a specific statutory scheme that provides explicitly for administrative and judicial

17  review at the state level. The statutory scheme does not provide for fines or penalties or damages

18  pursuant to an action in federal court. Jurisdiction is not provided in this Court and this action must

19  be dismissed. The plaintiff has adequate state remedies for any grievance he may have.

20

## THE STATUTORY AND REGULATORY CONTEXT
## OF THIS COMPLAINT

21

22  The plaintiff sought certain financial benefits (called "trade adjustment assistance" (TAA)

23  under the Trade Acts of 1974 and 2002. The purpose of the TAA is to provide a mix of re-

24  employment services, allowances and training to mitigate the financial impact upon workers

25  unemployed as a result of an increase in imports. 20 C.F.R. § 617.2. The Secretary of the

26

27  ——————————————————

1. The defendant Gee and the defendant Campbell have not been served as of the date of the

28  filing of this motion.

Memorandum of Points and Authorities in Support of Motion to Dismiss    *Nagahi v. EDD, et al.*; C 07-06268 PVT

2

1  Department of Labor is charged with the administration of the Act.  19 U.S.C. § 2312.  The

2  Secretary is also  authorized to enter into agreements with the states to have the states assume the

3  duties of supplying the re-employment services, eligibility determination, and payments.  *Id.* at

4  § 2311.  The Secretary is authorized to promulgate regulations pursuant to 19 U.S.C. § 2320

5  implement the program.  Those  regulations are found at 20 C.F.R. §§ 617.1-617.49.  California

6  is one of the cooperating states.[2/]  Once the Secretary certifies that certain  workers are adversely

7  affected by trade adjustment as set forth in 19 U.S.C. § 2272, the workers are eligible to apply for

8  re-employment services (e.g., counseling, testing, and placement (*Id.* at § 2295) for a trade

9  readjustment allowance or TRA (*Id.* at § 2291), the costs of specified training  (*Id.* at § 2294),

10  relocation reimbursement (*Id.* at § 2297) or job search allowance.  *Id.* at § 2298.)  The worker

11  may be eligible for "Basic TRA," consisting of 52 weeks of TRA , and an additional 52 weeks if

12  the worker is in training (*Id.* at § 2293(a)(3)); and  and an allowance entitled  "Additional TRA",

13  an additional 26 weeks if the worker is still in training that is over and above the Basic TRA.  *Id.*

14  at 2293(a)(3).  No additional TRA may be paid, however, if the worker did not make a bona fide

15  application within 210 days of the date of the worker's certification by the Secretary.  *Id.* at

16  § 2293(b); 20 C.F.R. § 617(b)(2).

17    Because TRA functions something like the federal unemployment insurance program, the

18  two systems are to compliment each other.  See, e.g., 19 U.S.C. § 2296(d).  All eligibility

19  determinations to entitlement  for Basic TRA, Additional TRA, training, or re-employment

20  services are subject to review under applicable state law.  *Id.* at § 2231(d).  In California,

21  administrative review of decisions of EDD is governed by California Unemployment Insurance

22  Code section 311 and sections 401-410; California Government Code sections 11500 *et seq.*, and

23  California Code of Regulations, title 22, §§ 5000 *et seq.*  Judicial review of administrative

24  decisions is governed by California Code of Civil Procedure sections 1085 and 1094.5.

25  ///

26

27

28  ——————————————————————————————————
   2.  California (represented by the Director of EDD) has signed an agreement with the
   Secretary of Labor to administer TAA.  The plaintiff does not dispute that fact.

1    Promptness and efficiency in making determinations and getting the benefits out to qualified

2    workers under the Acts are a priority.  However, there is no sanction or fine payable to a worker

3    against a state set forth in either the TAA itself or the regulations for a failure on the part of the

4    state to comply with the law or regulations.  If California does not "substantially" comply with its

5    agreed responsibility to administer TAA, the  Secretary may either terminate the agreement

6    pursuant to a hearing set forth in 19 U.S.C. § 617.60(f) or suspend payments to the non-

7    complying state pursuant to 20 C.F.R § 640.2.  If the worker has a grievance regarding

8    determinations or non-action by the state agency regarding his/her TRA, state procedural review

9    must be followed.

10    20 C.F.R. § 617.60(e) provides as follows:

11    In making determinations, re-determinations, and in connection with
proceeding for review thereof, a State or State agency which has executed an

12    Agreement as provided in this section shall be an agent of the United States
and shall carry out fully the purposes of the Act and this part 617.

13

14    Hence, TAA is administered by the states and if the worker has a complaint with that

15    administration, his/her remedy is to pursue state review procedures.  If the state agency is

16    systemically not following the application law and regulations, Congress intended that the

17    Secretary is charged, not the individual worker, with the exclusive power to compel compliance

18    by terminating the agreement or imposing a fiscal sanction.

19                    **STATEMENT OF THE FACTS AS ALLEGED**

20    The plaintiff applied to EDD for TAA/TRA benefits on July 13, 2002.  Complaint at ¶ 41.

21    EDD denied his application because his separation from his prior employer had not been

22    "certified" as adversely affected by the Department of Labor.  *Id.* at ¶ 43.  However, EDD

23    granted him unemployment insurance benefits.  *Id.* at ¶¶ 41/68.  On October 27, 2002 the

24    plaintiff and two former co-workers applied under TAA to the Department of Labor for

25    certification.  *Id.* at ¶ 45.  On July 14, 2003, the Department of Labor certified that "[a]ll workers

26    at Electronglas, Inc, ... are eligible to apply for adjustment assistance under Section 223 of the

27    Trade Act of 1974."  *Id.* at ¶ 54.  On July 31, 2003, the plaintiff applied again to EDD for TAA

28    benefits.  *Id.* at ¶ 55.  On October 10, 2003, EDD found the plaintiff met the "criteria set forth in

1   19 U.S.C. § 2291 and 20 C.F.R. § 617" which made him eligible to receive Basic TRA. *Id.* at

2   ¶ 65. On October 30, 2003, EDD (Crawley) sent plaintiff a "Notice Regarding Eligibility for

3   Basic TRA," which informed the plaintiff that he was eligible to receive a weekly benefit of

4   $330.00 for 13 weeks starting October 19, 2003. *Ibid.*

5        On the same day, however, EDD (Crawley) issued another "Notice Regarding Eligibility for

6   Basic TRA" in which his eligibility was denied on the ground that the plaintiff had a "potential

7   entitlement for a new UI Claims or extension" *Ibid.*

8        On October 6, 2004, EDD denied the plaintiff eligibly for Basic TRA beginning May 26,

9   2004, on the ground that his eligibility for Basic TRA had ended on June 26, 2004. Complaint at

10   ¶ 72. The plaintiff appealed the decision to the California Unemployment Insurance Appeals

11   Board (Appeals Board). *Ibid.* On January 21, 2005, the assigned Administrative Law Judge

12   (ALJ) reversed the denial of Basic TRA benefits, holding that EDD had been too strict in its

13   interpretation of the regulations and that he should be granted benefits "if otherwise eligible." *Id.*

14   at ¶ 79.[3/]

15        On November 15, 2004, the plaintiff submitted an application to EDD for training. He was

16   seeking payment for the expense of attending San Jose State University to obtain a Masters of

17   Science degree in Industrial Systems and Engineering. Complaint at ¶ 80. On January 24, 2005,

18   EDD (Gee) denied the plaintiff's application for training on three grounds, two of which had

19   nothing to do with the plaintiff (but with the contracting process and a problem dealing with the

20   contracting training entity) and one ground to the effect that the plaintiff had not submitted the

21   necessary information. *Id.* at ¶ 80. The plaintiff appealed this decision to the Appeals Board.

22   *Ibid.* On June 23, 2005, the assigned ALJ affirmed the decision of EDD to deny the training to

23   the plaintiff. *Ibid.* The plaintiff appealed from the ALJ's decision to the Appeal Board itself.

24   *Ibid.* On November 15, 2005, the Appeals Board reversed, granting him training costs as long as

25   he was "otherwise eligible." Complaint at ¶ 92.

26

27       3. The Appeals Board assigns an ALJ to hear an appeal. Once the ALJ issues a decision, either EDD or the claimant may appeal. The appeal is then assigned to a panel of the Appeals Board,

28   which decides the issue(s) on appeal. California Unemployment Insurance Code section 1334.

1    On August 17, 2005, EDD (Gee) denied the plaintiff's second application for training based

2  upon nine different reasons under 20 C.F.R § 617.22. *Id.* at ¶ 91. The plaintiff appealed. On

3  January 18, 2006, the assigned ALJ initiated an hearing which, for lack of a witness or witnesses

4  was not completed. EDD withdrew its denial of the plaintiff's second application and, on

5  February 9, 2006, the assigned ALJ dismissed the appeal. Because EDD took what the plaintiff

6  considered to be an unreasonable amount of time to determine whether the plaintiff was eligible,

7  he petitioned the Appeals Board to reinstate his appeal. *Id.* at ¶ 99. The Appeals Board

8  reinstated his appeal. *Id.* at ¶ 100. On June 22, 2006, the reinstated appeal was held. *Id.* at

9  ¶ 103. On June 28, 2006, the assigned ALJ reversed EDD's denial of benefits and directed EDD

10  to determine whether the plaintiff was entitled to Additional TRA. *Ibid.*

11    On August 4, 2006, EDD (Crawley) denied the plaintiff eligibility for Additional TRA on

12  the ground that he had not applied for training within 210 days after his separation from

13  employment under 20 C.F.R. § 617(b)(2). Complaint at ¶ 106. The plaintiff appealed. *Ibid.* On

14  November 3, 2006, the assigned ALJ reversed the August 4, 2006 denial of the application of the

15  plaintiff for TRA benefits on the ground that EDD had not given the plaintiff clear written notice

16  of the conditions of application. *Id.* at ¶ 110. EDD appealed the decision of the ALJ to the

17  Appeals Board. *Ibid.* On April 5, 2007, the Appeals Board affirmed the decision of its assigned

18  ALJ. *Id.* at ¶ 114.

19    On October 10, 2007, EDD paid for the plaintiff's cost of training. Complaint at ¶ 114.

20  However, the plaintiff alleges he has not been paid his Additional TRA pursuant to the ALJ's

21  decision of November 3, 2006 (*Id.* at ¶ 110), affirmed by the Appeals Board on April 5, 2007.

22  *Id.* at ¶ 119.

## STATEMENT OF ISSUES PRESENTED

24    1.    Are EDD and its employees, in their administration of TAA and in the employees'

25  official capacity, protected by sovereign immunity and the Eleventh Amendment from damages

26  in claims asserted under 42 U.S.C. § 1983?

27    2.    Does the plaintiff have a private right of action under TAA to challenge a decision of

28  EDD in administering TAA under its agreement with the Secretary of Labor?

1      3.     Has the plaintiff, in any of his causes of action, set forth facts that support a cognizable

2  denial by the state defendants of a constitutional (First Amendment, Fifth Amendment or the

3  Fourteenth Amendment) or federal statutory right (under the TAA) pursuant to 42 U.S.C.

4  §§ 1983, 1985, 1986, or 2000d, or any federal statutory right of the plaintiff under TAA?

5      4.     Has the plaintiff stated a cause of action against the state defendants based upon the

6  Administrative Procedure Act (5 U.S.C. §§ 701-706)?

7      5.     Has the plaintiff stated a cause of action against the state defendants based upon

8  slander or the negligent or intentional infliction of emotional distress?

9                                              **ARGUMENT**

10                                            **INTRODUCTION**

11      The plaintiff's complaint is subject to dismissal pursuant to Federal Rules of Civil

12  Procedure § 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal theory or the

13  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

14  *Department* 901 F.2d 696, 699 (9th Cir. 1988.)

15      The plaintiff has alleged causes of action against a state department (EDD) and seven state

16  employees, seeking injunctive relief and damages against the state employees in their official and

17  personal capacities.  His basic claim appears based upon his belief that EDD and certain of its

18  employees engaged in negligent or willful efforts to delay or deny his receipt of the TAA/TRA

19  benefits to which he was found ultimately entitled.  He alleges that the delay and effort involved

20  caused him to suffer considerable expense, loss of time, loss of confidence in the administrative

21  process, loss of dignity, embarrassment, anger, loss of sense of personal efficacy, economic

22  damages, emotional distress, and loss of capacity to enjoy life and loss of self-esteem, for which

23  the defendants are liable in damages.  E.g., Complaint at ¶ 194.

24      The plaintiff has alleged neither a cognizable legal theory against these defendants, or if a

25  cognizable theory exists, has not alleged sufficient facts to support the theory.  Each cause of

26  action will be taken in turn, individually or collectively as seems appropriate.

27  ///

28  ///

Memorandum of Points and Authorities in Support of Motion to Dismiss          *Nagahi v. EDD, et al.*; C 07-06268 PVT

7

EXHIBIT A

# I.

## THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS UNDER THE FEDERAL ADMINISTRATIVE PROCEDURE ACT.

The plaintiff seeks a writ of mandate (although he calls it injunctive relief) to compel the state defendants, in addition to the Secretary, to comply with the requirements of TAA and the regulations of the Secretary under 5 U.S.C. §§ 701-706 APA). The federal APA provides a remedy to compel a federal agency–not a state agency–to act. Even if EDD is considered a federal agency because it is administrating a federal program under agreement with a federal agency, the APA is not available.

Mandate in federal court is not available unless there is a showing that "no other adequate remedy" is available. *Kildare v. Saenz* 325 F.3d 1078, 1084 (9th Cir. 2003). The plaintiff has a remedy at state law under the procedures for appeal from any determination of the EDD to the Appeals Board. California Unemployment Insurance Code, §§ 401-410. If he is dissatisfied with the decision of the Appeals Board, he can seek judicial review in state courts pursuant to California Code of Civil Procedure, § 1094.5.

# II.

## THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS UNDER THE FIRST AMENDMENT.

The plaintiff contends that he is entitled to damages against the state employee defendants on the ground that they deprived him of his right to petition for redress of grievances under the First Amendment because the defendant Crawley on January 26, 2006 refused to issue a determination on his application for remedial training. Complaint at ¶ 132. He further contends that defendant Crawley's supervisors, Bronow, Smith and Boomer, had the obligation to supervise or train the defendant Crawley so he would make such a determination and, because they did not, they are liable to him for damages.

First, the plaintiff does not have a direct cause of action under the First Amendment for his alleged denial of due process. The petitioner, suing the state and its officials, must rely for redress of constitutional grievances under the Civil Rights Acts , particularly 42 U.S.C. § 1983.

1 | *Hartman v. Moore* 547 U.S. 250, 251 (2006) ; *Gibson v. United States* 781 F.2d 1334, 1338 (9th

2 | Cir. 1986).

3 |     Second, neither EDD, as a state agency, or the individual state employee defendants can be

4 | sued in their official capacities for damages under section 1983. "[N]either a State nor its

5 | officials are 'persons' under section 1983." *Will v. Michigan Department of State Police* 491

6 | U.S. 58, 71 (1989). Consequently, the state defendants can not be sued for damages in their

7 | official capacity under section 1983. *Ibid.* Therefore, the plaintiff may only sue the state

8 | defendants in their personal capacity. *Kentucky v. Graham* 473 U.S. 159, 166 (1985). It will be

9 | necessary for the plaintiff to allege facts sufficient to the effect that the state defendants violated

10 | his constitutional rights or federal statutory rights and further, because the violation must be

11 | intentional, that they violated those rights without any objectively reasonable basis upon which

12 | to do so. *Ibid.*

13 |     The plaintiff in the allegations supporting this cause of action, and for that matter, in all the

14 | remaining causes of action, has not alleged facts that he is entitled to damages under the TAA

15 | under section 1983. TAA is administered by the states and if the worker has a complaint with

16 | that administration, his or her remedy is under state review procedure. 19 U.S.C. § 2231(d); 20

17 | C.F.R. § 617.60(e); *Schwieker v. Chilicky* 487 U.S. 412, 426 (1988) (no section 1983 cause of

18 | action for unreasonable delay of disability benefits under Social Security Act because Congress

19 | established a comprehensive and exclusive administrative review system).

20 |     If the state agency has a pattern and practice of not following the applicable law or

21 | regulations, Congress intended that the Secretary is charged, not the individual worker, with the

22 | exclusive power to compel compliance by terminating the agreement 19 U.S.C. § 617.60(f)) or

23 | imposing a fiscal sanction. 20 C.F.R § 640.2. Congress has therefore created a comprehensive

24 | enforcement scheme that forecloses a private right of action under TAA. *Blessing v. Freestone*

25 | 520 U.S. 329, 362 (1992) (holding that there was no section 1983 private right of action to

26 | enforce provisions of Social Security IV-D disability provisions against state officials allegedly

27 | not complying with federal law when Congress intended that the administrating federal agency

28 | be given exclusive power to supervise).

1    Assuming the plaintiff has alleged a violation of a constitutional right or federal statutory

2  right under section 1983, there is no "respondeat superior" liability under section 1983. *Morrell*

3  *v. Department of Social Services of New York* 436 U.S. 658, 693 (1978). The plaintiff, as

4  regards supervisors, must allege that Bronow, Smith or Boomer knew of and participated in the

5  January 26, 2006 alleged failure of the defendant Crawley to issue a determination. *Jones v.*

6  *Williams* 297 F.3d 930, 934 (9th Cir. 2002).[4/]

7    Finally, a failure on the part of the defendant Crawley to issue a determination on

8  January 26, 2006 does not constitute a violation of the First Amendment. The plaintiff applied

9  for specific benefits within a statutory scheme. He alleges that the issuance of the determination

10  of his application was unduly delayed. His redress is pursuant to the administrative scheme set

11  forth in the law and regulations governing the TAA. He was not denied the right to petition for

12  redress of his grievances. Assuming he is not barred from suit because he has no access to

13  federal court under section 1983 regarding TAA benefits, he still must clearly describe a

14  constitutional or federal right to obtain relief under section 1983. *Elder v. Hollaway* 510 U.S.

15  510, 516 (1994).

16  ### III.

17  ### THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS
18  ### UNDER THE FIFTH AMENDMENT.

19    The plaintiff alleges that he has a protected property interest under TAA which entitles him

20  to a right of due process under the Fifth Amendment. He alleges that at the January 18, 2006,

21  hearing, he "realized" the defendants were planning to deprive him of his due process of law.

22

23    4. Plaintiff simply has not met that burden. The defendant Bronow is sued because she is alleged to be the Deputy Director of EDD's UI Branch. Complaint at ¶ 11. The defendant Smith
24  is alleged to be the Chief of EDD's UI Division Central Office in Sacramento and is alleged to, in part, administer TAA benefit programs. *Id.* at ¶ 12. The defendant Boomer is alleged to be the
25  Assistant Chief to the defendant Smith in the UI Division Office in Sacramento *Id.* at ¶ 13. The defendant Campbell is alleged to be the State Trade Act Coordinator in Sacramento. *Id.* at ¶ 17.
26  Each of these defendants is alleged to have responsibility for administration of TAA in California. E.g., *Id.* at ¶ 15, lines 17-20. Defendant Bronow issued a memorandum interpreting a provision of
27  the TAA. *Id.* at ¶ 71. Defendant Smith appealed a decision granting the plaintiff benefits. *Id.* at
28  ¶ 110, 112. Defendant Boomer issued a decision denying the plaintiff benefits. *Id.* at ¶ 113.

1  Complaint at ¶ 139.  To the extent that the Fifth Amendment and its requirement of due process

2  is imposed upon the states, the plaintiff must seek liability against the state pursuant to 42 U.S.C.

3  § 1983.  In regards to section 1983, the EDD, as a state agency, has sovereign immunity and may

4  not be sued in federal court.  *Jackson v. Hayakawa* 982 F.2d 1344, 1350-1351 (9th Cir. 1982).

5  The fact that California has agreed with the Secretary to administer TAA can not be considered a

6  waiver of California's sovereign immunity.  In fact, California is not administering the program

7  under "color of state law" as required for liability under section 1983.  California, through EDD,

8  is acting as an agent of the United States.  19 U.S.C. § 617.60(e).

9        The individual state employee defendants can not be sued in their official capacities for

10  damages.  "[N]either a State nor its officials are 'persons' under section 1983."  *Will v. Michigan*

11  *Department of State Police* 491 U.S. at 71.  Accordingly, the plaintiff must seek damages against

12  the state employees in their personal capacities.  However, that avenue is foreclosed because

13  there is no direct right of action against a state defendant under the Fifth Amendment.

14                                          **IV.**

15  **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
       **AGAINST THE STATE DEFENDANTS**
16  **UNDER THE FOURTEENTH AMENDMENT.**

17        The plaintiff alleges that the state employee defendants made it difficult for him to obtain

18  the benefits under TAA to which he thought he was entitled and hence "plaintiff is and has been

19  deprived of his  rights to due process of law, equal protection under the law and property

20  interests" sufficient to violate the Fourteenth Amendment.  The plaintiff's rights are protected

21  under the statutory and regulatory scheme set forth regarding TAA.  He has not been denied any

22  rights to which he is entitled.  His basic complaint is that it took him, in his opinion, an

23  inordinate amount of time to receive the benefits to which he was entitled and that he still does

24  not have the Additional TRA that he was supposed to receive under an ALJ decision.  However,

25  because there are no substantive allegations that he was actually deprived of due process, any

26  property right or anything else other than a delay in the receipt of those benefits, and because he

27  always had an adequate state remedy, he has not otherwise stated a cause of action.

28  ///

**EXHIBIT A**

1     Finally, incorrect determinations or a failure to provide benefits ordered pursuant to the

2 review process (e.g., the order from the ALJ that the plaintiff receive Additional TRA) by a state

3 agency is subject to review and correction in state court. Calif. Code Civ. Proc., § 1085. TAA

4 does not provide for penalties on the part of the federal or state officials entrusted to carry out

5 the program.

6                               **V.**

7          **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
AGAINST THE STATE DEFENDANTS**

8          **UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983.**

9     EDD and the state employee defendants can not be held are not liable in their official

10 capacity under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police* 491 U.S. at 71.

11 The state employee defendants are not liable in their personal capacities because the plaintiff has

12 not alleged that they or any of them deprived him of any right to which TAA attached a penalty

13 or compensation. His only complaint is that his access to TAA benefits were delayed or not

14 provided. To the extent that any individual state employee denied him his application for TAA

15 benefits, he always had a right of administrative review which he frequently and successfully

16 pursued. *Schwieker v. Chilicky* 487 U.S. at 426.

17     Assuming the state employee defendants misinterpreted the law relating to the

18 administration of the TAA, they are entitled to qualified immunity from suit because the plaintiff

19 has not alleged facts to establish that their conduct was in violation of "clearly established law"

20 that created a constitutional or federal right in his favor. *Anderson v. Creighton,* 483 U.S. 635,

21 638 (1987).

22                              **VI.**

23          **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION
AGAINST THE STATE DEFENDANTS UNDER THE CIVIL**

24          **RIGHTS ACT, 42 U.S.C. § 1985(3) OR § 1986, OR A THEORY
OF CONSPIRACY UNDER STATE LAW.**

25

26     The plaintiff alleges facts to support three conspiracy theories of liability, under 42 U.S.C.

27 § 1983(3), 42 U.S.C. § 1986, and under California Penal Code section 1823. In essence, the

28 plaintiff alleges that the defendants Bronow, Smith , Boomer, Crawley, Gee, Campbell and

1    Kindschi conspired to interfere with his right to equal protection under TAA.  To state a claim

2    for conspiracy for violation constitutional rights, "the plaintiff must state specific facts to support

3    the existence of the claimed conspiracy."  *Olsen v. Idaho State Board of Medicine* 363 F.3d 916,

4    938 (9th Cir. 2004).

5        The plaintiff alleges that all defendants had some participation in the various

6    determinations, appeals and decisions which affected the plaintiff.  However, other than the

7    plaintiff's belief and allegation that they were all in a conspiracy against him, there are no facts

8    alleged to support such a conspiracy.  Boomer just issued a directive.  Smith just appealed a

9    decision in favor of the plaintiff by an assigned ALJ.  Crawley and Gee were apparently the

10   plaintiff's case workers and issued determinations (or delayed issuing determinations)with which

11   the plaintiff disagreed.  However, other than plaintiff's conclusions that they were working in a

12   conspiracy against him, there are no allegations sufficient to support a conspiracy.

13       Finally, to state a claim for conspiracy under § 1985(3) or § 1986, the plaintiff must first

14   have a cognizable claim under section 1983 that his constitutional right to equal protection has

15   been violated.  As we have seen, the plaintiff has not alleged such a claim.

16                                        **VII.**

17               **THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION**
                 **AGAINST THE STATE DEFENDANTS UNDER 42 U.S.C. § 2000d.**
18

19       The plaintiff alleges that the actions of the state defendants were designed to deny him

20   benefits under TAA by reason of his race and/or national origin as prohibited by 42 U.S.C.

21   § 2000d.  The plaintiff, however, does not allege that he was a member of any particular race

22   and/or national origin that was the subject of discrimination.  From the allegations of the

23   complaint, all that appears is that the plaintiff as an individual (regardless of whatever race or

24   national origin he might be) was the subject of the actions or inactions of the state employee

25   defendants.

26   ///

27   ///

28   ///

Memorandum of Points and Authorities in Support of Motion to Dismiss          *Nagahi v. EDD, et al.*; C 07-06268 PVT

**EXHIBIT A**

## VIII.

### THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS OF FRAUD BY OMISSION OR NONDISCLOSURE, SLANDER, UNINTENTIONAL INFLICTION OF MENTAL DISTRESS, OR INTENTIONAL INFLICTION OF MENTAL DISTRESS.

The plaintiff attempts to pled a facts under some state cause of action for slander, defamation or negligence or intentional tort. A state-law claim against the state employee defendants, sued in the personal capacity for damages under a theory of negligence or tort, does not state a section 1983 claim. *Town of Castle Rock v. Gonzales* 545 U.S. 748, 768 (2005) (holding no section 1983 cause of action against police who failed to enforce a restraining order against a husband because they were not under a mandatory duty to act–negligence was insufficient to create a cause of action). The state employee defendants can not be sued in their personal capacity for damages under a theory of defamation under section 1983. *WMX Techs. v. Miller* 80 F.3d 1315, 1315 (9th Cir. 1991). In any event, a statement by the defendant Crawley in an adversary proceeding that the plaintiff was engaged "in a mad grab for money" (Complaint at ¶ 196) is hardly slander and does not raise an inference that the plaintiff was attempting to defraud the TAA program. In any event, these purely state claims, because there is no valid federal claim among them, must be decided (if the plaintiff wishes to seek that forum) in state court.

## IX.

### THE PLAINTIFF DOES NOT STATE A CAUSE OF ACTION FOR ANY FORM OF INJUNCTIVE RELIEF.

The plaintiff has received all the TAA benefits to which he is entitled. If there are some benefits to which he believes he is entitled and has not received, he has an adequate remedy under state law. *Schwieker v. Chilicky* 487 U.S. at 426. He does not allege any continuous, systematic violation of TAA that directly affects him and which would give him standing to pursue any injunctive relief against EDD or any of its employees. If California is not complying with its agreement with the Secretary, the Secretary has the remedy set forth in 19 U.S.C. § 617.60(f) and 20 C.F.R § 640.2. *Blessing v. Freestone* 520 U.S. at 362. That is the exclusive

**EXHIBIT A**

1   remedy available.

2                            **CONCLUSION**

3      For the reasons given above, the complaint of the plaintiff must be dismissed for his failure

4   to state a cause of action against EDD or any state employee.

5      Dated:     February 4, 2008.

6                      Respectfully submitted,

7                      EDMUND G. BROWN JR.
                       Attorney General of the State of California

8                      SUSAN M. CARSON
9                      Supervising Deputy Attorney General

10                      /s/ Charlton G. Holland, III

11                      CHARLTON G. HOLLAND, III
                       Deputy Attorney General

12
                     Attorneys for Defendants
13                      California Employment Development Department,
                       Forrest Boomer, Peter Kindschi, Deborah Bronow,
14                      James Crawley, and Talbott A. Smith

15   40211657.wpd
16   SF2007403425

17

18

19

20

21

22

23

24

25

26

27

28