JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Defendant
Elaine Chao,
Secretary, Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI, | Case No. C 07-06268 PVT |
|    Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| v. | |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, et al., | |
|    Defendants. | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that defendant Elaine Chao, Secretary of the Department of Labor, will move this Court on April 1, 2008 at 10:00 a.m. in Courtroom 8, 4th Floor, United States Courthouse, 280 South First Street, San Jose, California, before the Honorable Patricia V. Trumbull, U.S. Magistrate Judge, pursuant to Fed. R. Civ. P. 12(b)(1), for an order dismissing plaintiff's Administrative Procedure Act Case and Complaint for Injunctive Relief and Damages for Violations of Civil Rights, Fraud, Abuse of Process, and Defamation (the "Complaint"). The motion is based on this notice, the memorandum of points and authorities, and all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF SOUGHT

Defendant seeks an order dismissing this case against the Secretary for lack of subject matter jurisdiction.

## ISSUES TO BE DECIDED

1. Whether plaintiff has standing to bring this action against Secretary Chao.

2. Whether the Court lacks jurisdiction because the matter is committed to agency discretion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

Plaintiff, a recipient of benefits under the Trade Act of 1974, as amended, brings this action against the California Employment Development Department (EDD or State agency), seven named EDD employees, ten unnamed EDD employees, and the Secretary of Labor. The plaintiff alleges that the EDD and its employees acted in bad faith in handling his applications for various benefits under the Trade Act. Complaint ¶ 1. Plaintiff also alleges that the Secretary of Labor/U.S. Department of Labor (Department or DOL) failed to ensure that EDD, as the agent of the Department, complied with the terms of its Agreement in administering the Trade Adjustment Assistance (TAA) program under the Trade Act. Plaintiff seeks injunctive relief against the EDD (Complaint ¶ 225), monetary damages against the EDD and its employees (Complaint, IX. Prayer), and mandamus and injunctive relief against the Department to enjoin it

from making payments to the EDD under the Trade Act until it is satisfied that the EDD is administering the program in accordance with the Act and its Agreement. Complaint ¶¶ 127, 225. Plaintiff asserts jurisdiction under the First, Fifth and Fourteenth Amendments to the U.S. Constitution, the Administrative Procedure Act (APA), the Trade Act, and numerous other provisions of Federal and State law. Complaint ¶¶ 3 and 4.

The DOL seeks dismissal of the claims against it under Fed. R. Civ. P. Rule 12(b)(1) on the grounds that (1) the court lacks jurisdiction since plaintiff lacks standing to bring this suit against the Secretary and, (2) the court lacks jurisdiction because the decision to impose sanctions against a State for violation of the terms of its Agreement with the Department under the Trade Act is committed to the discretion of the Secretary by law. Therefore, plaintiff's requests for mandamus and injunctive relief against the Secretary are moot.

## II.  STATUTORY BACKGROUND

The Trade Adjustment Assistance (TAA) program was created by the Trade Act of 1974, 19 U.S.C. §2271 et seq. It provides assistance to workers who become unemployed as a result of increased imports of articles produced by the workers. 19 U.S.C. §2272.[1] When the Department receives a petition from workers or their representative, it conducts an investigation to determine whether increased imports contributed importantly to the workers' displacement or whether there was a shift of production to a foreign country of articles produced by the workers' firm. Id. If the investigation shows that workers have been adversely affected by import competition, the DOL issues a certification of eligibility to apply for adjustment assistance. 19 U.S.C. §2273. Once a certification is issued, it is transmitted to the appropriate State agency, which acts as the agent of the Department in administering the program, under an Agreement between the parties. 19 U.S.C. §2311. The State agency notifies certified workers of potential Trade Act benefits and services, 19 U.S.C. §2275, makes eligibility determinations for individuals, and delivers benefits and services. 19 U.S.C. §2311(a). Individual workers who meet the qualifying criteria may

---

[1] The DOL has published regulations at 29 C.F.R. Part 90 relating to the investigation of workers' petitions and the issuance of certifications of eligibility to apply for adjustment assistance. DOL has also published regulations at 20 C.F.R Part 617 describing various forms of adjustment assistance and outlining the States' role in administering the program.

receive up to 104 weeks of job training, 19 U.S.C. §2296, up to 104 weeks (generally) of income support in the form of Trade Readjustment Allowances (TRA), 19 U.S.C. §2291-2293, job search allowances, 19 U.S.C. §2297, and relocation allowances, 19 U.S.C. §2298.

In making determinations for benefits, a State agency is required to apply State law, 19 U.S.C. §2294; see section 2319(10), which defines "State law" as "the unemployment compensation law of the State." Any determination by the State agency is "subject to review in the same manner and to the same extent as determinations under the applicable State law, and only in that manner and to that extent." 19 U.S.C. §2311(d).[2]

Federal law also prescribes sanctions which may be imposed against a State which fails to fulfill its commitments under its Agreement with the Secretary under the Trade Act. The Secretary may decide to terminate the Agreement with a State, 20 C.F.R. §617.52(c)(4)(i), or, under section 3302(c)(3) of the Internal Revenue Code, 26 U.S.C. §3302(c)(3), require a reduction of a State's credit against the Federal unemployment tax for such failure. "If the Secretary finds that a . . . State agency has not fulfilled its commitments under its Agreement . . . [a] . . . State agency shall receive reasonable notice and opportunity for hearing before a finding is made under section 3302(c)(3) [of the Internal Revenue Code] whether there has been a failure to fulfill the commitments under the Agreement." 20 C.F.R. §617.59(f).

### III.   STATEMENT OF FACTS[3]

Plaintiff was laid off from work by his employer, Electroglas, Inc. on June 28, 2002. Complaint ¶ 38. He applied for unemployment insurance (UI) with EDD, was found eligible and began receiving benefits. Complaint ¶¶ 38 and 41. On July 13, 2002, he submitted an application for TAA but was found ineligible because DOL had not yet received a petition and certified workers at Electroglas as eligible for TAA. Complaint ¶¶ 41 and 43.

---

[2] The Trade Act regulations contain procedures for reviewing State agency compliance with the Agreement, 20 C.F.R. §617.59(g), and assisting the Department in ensuring the uniform interpretation and application of the Act and Part 617, 20 C.F.R. §617.52.

[3] Many of the "facts" presented in this motion are based on plaintiff's allegations. Defendant presents these facts only for purposes of this motion. Should this case proceed beyond this motion, defendant may present evidence disputing plaintiff's allegations. However, for purposes of this motion only, plaintiff's "facts" as stated herein may be treated as true.

It appears that plaintiff's problems with EDD began in late 2004 when he filed an application for Trade Readjustment Assistance (TRA) and early 2005 when he filed an application for approval of a training program at San Jose State University. He filed three different applications for TRA or Additional TRA which were denied by EDD, appealed by plaintiff and reversed by Administrative Law Judges (ALJ). He also filed two applications for training which were denied by EDD, one of which was affirmed by an ALJ and reversed by the California UI Appeals Board, and the other was reversed by an ALJ. See Complaint ¶¶ 72-117.

On October 10, 2007, EDD paid plaintiff for the costs of his training, and on December 11, 2007, plaintiff filed this action "to, among other things, ask this court for assistance in bringing EDD in compliance with the law that governs their conduct in administering the Act in California and the decisions of the ALJ and the Board." Complaint ¶¶ 118-119.

## IV.    ARGUMENT

### A.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), "[a] motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publishing Company v. General Telephone & Electronics Corporation, 594 F.2d 730, 733 (9th Cir. 1979). In considering a factual attack on subject matter jurisdiction:

> (N)o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id., quoting, Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

For the reasons discussed below, the Secretary seeks dismissal of plaintiff's claims against her on the ground that the Court lacks jurisdiction.

### B.    Plaintiff Lacks Standing to Bring this Action Against the Federal Defendant

Standing is a threshold jurisdictional question that arises from the Constitution's requirement that judicial power extends only to "Cases" and "Controversies." Constitution, Article III, § 2; Steel Company v. Citizens for a Better Environment, 523 U.S.83, 102 (1998). It

FEDERAL DEFENDANT'S MOTION TO DISMISS
Case No. C07-06268 PVT            -4-

1 contains three requirements. "First and foremost, there must be alleged (and ultimately proved)
2 an "injury in fact" – a harm suffered by the plaintiff that is "concrete" and "actual or imminent,
3 not 'conjectural' or 'hypothetical.'. . . Second, there must be causation – a fairly traceable
4 connection between the plaintiff's injury and the complained-of conduct of the defendant. . . .
5 And third, there must be redressability – a likelihood that the requested relief will address the
6 alleged injury." Id. at 103. See also Valley Forge Christian College v. American United for
7 Separation of Church and State, Inc., 454 U.S. 464, 472 (1982). "The requirement of standing
8 'focuses on the party seeking to get his complaint before a federal court and not on the issues he
9 wishes to have adjudicated.'" Valley Forge, 454 U.S. at 484, citing Flast v. Cohen, 392 U.S. 83,
10 99 (1968).

11    The complaint alleges that the Secretary is responsible for administration of the Trade Act
12 and has the duty to ensure that California fully complies with its Agreement to administer the
13 Trade Act as the agent of the Department "and periodically review such compliance." Complaint
14 ¶ 2. The Complaint seeks mandamus relief to compel DOL to ensure that the California State
15 agency complies with the Act (Complaint ¶ 127), and injunctive relief to enjoin DOL from
16 making payments to the State agency under the Trade Act until it "is satisfied that state
17 defendants fully comply with the Act . . . ." Complaint ¶ 225.

18    Even assuming injury in fact and causation, the Complaint fails the third element of
19 standing, redressability. The Department reviews all State decisions concerning an individual's
20 entitlement to TAA benefits to ensure the consistency of interpretations under the Trade Act and
21 its implementing regulations. 20 C.F.R. §617.52. This regulatory provision also prescribes
22 procedures to be followed when the Department believes that a State decision is inconsistent or
23 in violation of the Act or the regulations. Id. If the Secretary finds that a State is not fulfilling
24 the commitments under its Agreement, the Secretary may decide to terminate the Agreement or
25 initiate action to reduce a State's tax credit against the Federal unemployment tax. 26 U.S.C.
26 §3302(c)(3).

27    Plaintiff seeks mandamus and injunctive relief against the Department, but DOL already
28 monitors and reviews all State decisions involving the TAA program in order to ensure the

FEDERAL DEFENDANT'S MOTION TO DISMISS
Case No. C07-06268 PVT                    -5-

consistency of decisions and the compliance of State agencies with the terms of their Agreements. The withholding of payments to the State of California is not an option under the law, only termination of the Agreement or reduction of the State's credit against the Federal unemployment tax. Such relief would not serve to remedy plaintiff's alleged injury since he has been reimbursed by EDD for training costs under the Act. Complaint ¶ 118. The requested relief to ensure that EDD complies with its Agreement and the withholding of future payments to EDD under the Act will not redress any alleged injury. One of plaintiff's objectives is to bring EDD into compliance with the law (Complaint ¶ 119), but the satisfaction he may derive from the fact that "the Nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury. . . . Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement. " Steel Company, 523 U.S. at 107 (internal citations omitted).

Plaintiff's general allegations about the alleged mishandling of his various applications for benefits are directed to EDD and not the Department. Those allegations are not sufficient to give the Court jurisdiction of this matter. Plaintiff is required to allege specific violations of the Trade Act by the Secretary that were applied to him to his detriment. In International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) v. Brock, 477 U.S. 274 (1986), the Court found that a union, on behalf of its workers, could properly sue the Department to challenge a DOL interpretation of the Trade Act that it claimed violated the Act and had been applied to some of its members to their detriment. In Hampe v. Butler, 364 F.3d 90 (3rd Cir. 2004), the Court found that it had jurisdiction to hear a suit by a group of workers alleging that DOL approved a State agency policy that violated the Trade Act regulations and had been applied to their detriment.

With respect to specific allegations of a violation of the Act by the Secretary, paragraph 217 of the Complaint states that "[t]he Secretary interprets the 26-week Additional TRA provided for in 19 U.S.C. §2293(g) to pertain only to remedial education" which plaintiff alleges "is inconsistent with the Legislature's intent and purpose as expressed by the statute's plain

language."[4] However, plaintiff does not indicate where this alleged interpretation is published and whether it was applied to him during the course of the State proceedings to his detriment.[5] Consequently, this allegation is not sufficient to give the Court jurisdiction.

Since none of the relief sought by plaintiff against the Secretary would remedy any alleged injury, plaintiff lacks standing to maintain this action and the Court lacks jurisdiction to entertain this action against the Secretary.

### C. The Court Lacks Jurisdiction Because the Matter is Committed to Agency Discretion

Even if the Court finds that plaintiff has standing, the Court lacks jurisdiction because the decision as to whether the Secretary may impose sanctions for the failure of a State to comply with the terms of its Agreement is committed to agency discretion by law.

Plaintiff's First Cause of Action cites the Administrative Procedure Act, 5 U.S.C. §§701-706 and states that the allegations pertain to "All Defendants." Complaint ¶ 120 et seq. The Complaint alleges that DOL has a responsibility under the Act to ensure that State agencies fully comply with the terms of the Agreements entered into under the Act (Complaint ¶ 121), and that DOL failed to ensure that EDD fully complied with its Agreement. Complaint ¶ 126. Plaintiff therefore contends that he "is entitled in the nature of mandamus ... to compel defendant Chao to review and ensure defendant EDD's compliance with the Act." Complaint ¶ 12.

The Trade Act authorizes the Secretary of Labor to enter into agreements with the States, 19 U.S.C. §2311, and states that the Secretary "shall make every effort to insure that cooperating State agencies fully comply with the agreements ... and shall periodically review such compliance." 19 U.S.C. 2275(a). As described earlier, Federal law also prescribes remedies if

---

[4] Paragraphs 216, 218 and 219 of the Complaint concern EDD policies that plaintiff alleges violated the Act or regulations. However, unlike the UAW case, the policies referred to are not DOL policies and, unlike Hampe, there is no allegation that DOL approved EDD's policies.

[5] It should be noted that remedial education is an approved form of training under the TAA program. 20 C.F.R. §617.24(d); see 20 C.F.R. §617.22(a)(2).

FEDERAL DEFENDANT'S MOTION TO DISMISS
Case No. C07-06268 PVT           -7-

the Secretary determines that a State is not fully complying with the Agreement. The Secretary is authorized to terminate the Agreement or initiate proceedings under section 3302(c)(3) of the Internal Revenue Code. Section 3302(c)(3) provides for a reduction of the credit against the Federal unemployment tax for a State that is found by the Secretary to have failed to fulfill its commitments under its Agreement.

These provisions give the Secretary wide discretion in determining whether a State has failed to comply with its commitments. Termination of the Agreement with a State or reduction of a State's credit against the Federal unemployment tax are drastic remedies which could involve millions of dollars and should not be utilized unless there are systemic violations of the Act. The alleged failure by a State to comply with the terms of its Agreement in the case of one individual does not warrant resort to these drastic remedies.[6] Plaintiff has failed to allege and show that there are systemic violations by the EDD of the terms of its Agreement warranting the invocation of these enforcement remedies.

Heckler v. Chaney, 470 U.S. 821 (1985), precludes review of the Secretary's decision not to pursue enforcement proceedings based on EDD's handling of plaintiff's applications for various benefits under the Trade Act. In Heckler, the Court addressed the extent to which a decision of an administrative agency to exercise its discretion not to undertake certain enforcement actions is subject to judicial review under the APA. 470 U.S. at 823. The Court reasoned, "[e]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Id. at 830. The Court noted that, for several reasons, it is generally unsuitable for the courts to review agency decisions to refuse enforcement, including:

---

[6] Although plaintiff believes that the system is not working properly because EDD denied some of his claims for benefits, one could view the circumstances concerning the reversal of EDD decisions denying him benefits as showing that the system is working because the errors were corrected on appeal. From DOL's point of view, this is hardly the kind of problem for which DOL would invoke sanctions.

> First, an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.

Id. at 831-32. See also Barron v. Reich, 13 F.3d 1370, 1376 (9th Cir. 1994). The Court likened an agency's refusal to institute proceedings to the decision of a prosecutor in the Executive Branch not to indict, which has long been recognized as the special province of the Executive Branch. Heckler, 470 U.S. at 832. Heckler has been applied to a vast array of statutes enforced by the Secretary of Labor.[7]

Most recently, Greer v. Chao, 492 F. 3d 962 (8th Cir. 2007), extended Heckler to the Secretary's investigatory conduct. In Greer, the plaintiff filed a complaint with the Department of Labor's Office of Federal Contract Compliance Programs (hereinafter "OFCCP"), alleging that his employer failed to comply with Vietnam Era Veterans' Readjustment Assistance Act

---

[7] See, e.g. Secretary of Labor v. Twentymile Coal Co., 456 F.3d 151, 161 (D.C. Cir. 2006) (applying Heckler and stating that the "[Mine Safety and Health Review] Commission is generally without authority to review the Secretary's discretionary decisions regarding whether to cite owner-operators, their independent contractors, or both for safety violations committed by the independent contractors."); Small v. Chao, 398 F.3d 894, 897 (7th Cir. 2005)(court had no jurisdiction to review Secretary's decision not to bring enforcement action against college for allegedly discriminating against plaintiff); Wood v. Department of Labor, 275 F. 3d 107, 111-12 (D.C. Cir. 2001)(Secretary's decision not to file enforcement proceeding on plaintiff's claim of retaliatory discharge under the Occupational Safety and Health Act was not reviewable by the court, because the statutory language made it clear that it was up to the Secretary to determine whether a violation existed); Clementson v. Brock, 806 F.2d 1402, 1405 (9th Cir. 1986) (applying Heckler and noting that the Office of Federal Contract Compliance Programs' "decision to forego enforcement action under [what is now § 4212 of Vietnam Era Veterans Readjustment Assistance Act] is immune from judicial review" absent the existence of a pattern of total "abandonment of responsibilities" by the agency.); Giacobbi v. Biermann, 780 F. Supp. 33, 37 (D.D.C. 1992)(the court found in a Section 503 of Rehabilitation Act case that an OFCCP "investigation itself, like the final decision whether or not to take enforcement action, is within the 'enforcement arena' and therefore, committed to agency discretion." (citation omitted).

1  ("VEVRAA").  OFCCP investigated his complaint and notified the plaintiff that its investigation
2  had turned up insufficient evidence to conclude that his employer had discriminated against him
3  or violated any of its affirmative action obligations, and thus OFCCP would not file an
4  enforcement action against the employer.  The Greer plaintiff sought APA review, arguing that
5  he was not contesting the Secretary's decision not to take enforcement action, but rather that he
6  was asking the Secretary to investigate his claims before making any decision.  Id. at 963-964.

7       The Eighth Circuit, in a decision authored by retired Supreme Court Justice Sandra Day
8  O'Connor, resisted the plaintiff's efforts to remove his case from the Heckler bar: "Greer's efforts
9  to attack the agency's investigation do nothing to remove his lawsuit from the 'enforcement
10 arena' . . . we find that the 'level of investigation desirable' is fundamentally an
11 'enforcement-related decision [ ].'"  Id. at 966 (citing Giacobbi v. Biermann, 780 F. Supp. 33, 39
12 (D.D.C. 1992) (alterations in original).

13      Plaintiff's case falls squarely within the Heckler line of cases.  The Secretary of Labor
14 monitors and reviews State agency decisions under the Trade Act and decides whether an
15 enforcement action is warranted; such decisions are committed to the agency's discretion by
16 statute and are not subject to APA review.  The Trade Act and its implementing regulations give
17 wide discretion to the Secretary in determining whether a State has failed to comply with the
18 commitments in its Agreement.  Therefore, the decision whether the Secretary should terminate
19 the Agreement with a State or invoke the sanction under section 3302(c)(3), means that the
20 "court would have no meaningful standard against which to judge the agency's exercise of
21 discretion."  Heckler, 470 U.S. at 830.  Consequently, the Department's decision not to take
22 enforcement action against EDD for its handling of plaintiff's applications for various Trade Act
23 benefits, and the lack of information suggesting that there were systemic violations of the Trade
24 Act by EDD, place plaintiff's claim against the Department under Heckler and its line of cases
25 and make the Secretary's decision not to take enforcement action against EDD unreviewable.  No
26 matter how one reads plaintiff's claims, any review of DOL's decision not to initiate enforcement
27 action against EDD is barred by Heckler.  In light of the discretion bestowed on the Secretary
28 with respect to determining whether a State has fulfilled its commitments under its Agreement,

1  and whether enforcement proceedings should be initiated for such failure, the Court lacks
2  jurisdiction to entertain this action against the Secretary and it should be dismissed.
3  **V.     CONCLUSION**
4        For all the foregoing reasons, plaintiff's claims against the Secretary of the Department of
5  Labor should be dismissed with prejudice and without leave to amend.

6        Respectfully submitted,

7  DATED: February 11, 2008      JOSEPH P. RUSSONIELLO
    United States Attorney

8  /s/ Claire T. Cormier

9  _____
10 CLAIRE T. CORMIER
   Assistant United States Attorney

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FEDERAL DEFENDANT'S MOTION TO DISMISS
Case No. C07-06268 PVT    -11-