UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>        Plaintiff,<br><br>  v.<br><br>CALIFORNIA EMPLOYMENT<br>DEVELOPMENT DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: C 07-6268 PVT<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; AND**<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER THAT THE STATE DEFENDANTS' RULE 12(B)(6) MOTION BE FILED AS TO ALL MOVING STATE DEFENDANTS** |

      On February 4, 2008, the State Defendants[1] filed a motion to set aside entry of default along with an ex parte application for order that the motion under Rule 12(b)(6) be filed as to all moving State Defendants.[2] Plaintiff opposed the motion to set aside entry of default. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the briefs and arguments presented,

      IT IS HEREBY ORDERED that the State Defendants' motion to set aside default is GRANTED.

---

    [1]    As used herein, "State Defendants" refers to Defendants California Employment Development Department, Deborah Bronow, Talbott A. Smith, Forrest E. Boomer and Peter Kindschi.

    [2]    The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Defaults are disfavored and may be set aside for good cause. *See* FED.R.CIV.P. 55(c); *see also, TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (emphasizing that default judgments "are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits'" (citation omitted)). In the present case, good cause exists to set aside the default because the time for the State Defendants to respond to the complaint had not expired as of the date the default was entered.

The facts of this case present an unusual situation. While the normal time for a non-federal government entity or individual to respond to a summons and complaint is 20 days, as discussed herein that time limit is subject to two limitations: 1) that the defendant was served with a valid summons; and 2) that there was no written agreement to extend the defendant's time to respond.

Rule 4(a) of the Federal Rules of Civil Procedure provides, in relevant part, that the summons "shall also state the time within which the defendant must appear and defend . . . ." The summons Plaintiff served on the State Defendants stated that the time within which they must answer was *60 days*, rather than the 20 days prescribed by Rule 12(a)(1). There are two possible alternative consequences flowing from this error on Plaintiff's part. On one hand, the court could deem this defect in the summons to render the summons invalid, and thus there would have been no deadline for the State Defendants to appear and defend.[3] On the other hand, the court could find that Plaintiff's service of this summons constituted both service of summons and an agreement by Plaintiff to extend to 60 days the time for the State Defendants to respond to the complaint. *See* Civil L.R. 6-1(a).[4] Either way, the State Defendants had not "failed to plead or otherwise defend" by the deadline to do so, and thus entry of default under Rule 55(a) was not warranted.

---

[3] "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *See Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999). Under this Supreme Court precedent, the State Defendants were not officially parties, and thus were not required to take any action in that capacity, because they had not been served with a summons that stated the time within which *they* had to appear and defend.

[4] Local Rule 6-1(a) allows parties to stipulate in writing to extend time so long as the extension dose not alter the date of any event or deadline that has been set by court order. In the present case, Plaintiff served Defendants with a written document that stated they had 60 days to respond, and Defense counsel proposed a similar extension of time in writing. Extending the time to 60 days does not alter the date of any other event or deadline set by court order. Thus, the requirements of Local Rule 6-1(a) have been met.

1     Although the "good cause" in this case does not turn on the factors set out in *TCI Group Life*, none of those factors weigh against setting aside the default in this case. Those factors are: 1) "whether the defendant's culpable conduct led to the default;" 2) "whether the defendant has a meritorious defense;" and 3) "whether reopening the default [] would prejudice the plaintiff."

    The State Defendants' conduct was not "culpable" as that term is used in *TCI Group Life*. In *TCI Group Life* the Ninth Circuit explained that a defendant's intentional failure to respond after receipt of actual or constructive notice of the filing of a complaint, without more, is not sufficient to constitute "culpable" conduct that would preclude setting aside a default. *See TCI Group Life*, 244 F.3d at 697-98. Instead, the question is whether the defendant's failure to respond was *excusable*. *Id.* In light of the defect in the summons in this case, the State Defendants' failure to respond to the complaint, if it constituted neglect at all, was no more than *excusable* neglect.

    Without pre-judging the merits of this case, it appears that the State Defendants at least arguably have defenses that might prevail. Ninth Circuit precedent directs courts to resolve any doubts "in favor of the motion to set aside the default so that cases may be decided on their merits." *See O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted).

    Finally, Plaintiff has not shown he will suffer any prejudice that would warrant denying the motion. Merely having to now prosecute the case on its merits does not constitute the kind of "prejudice" that would warrant denial of the motion to set aside entry of default. *See, e.g., Hart v. Parks*, 2001 WL 636444, *4 (C.D.Cal. 2001).

    Having considered all of the relevant factors, and in light of the unusual circumstances of this case, the court finds that an order setting aside entry of default is warranted based on the State Defendants' showing of good cause.

    IT IS FURTHER ORDERED that, in light of the foregoing ruling, the State Defendants' application for an order that the State Defendants' 12(b)(6) motion be deemed filed as to all moving State Defendants is GRANTED.

Dated: *2/26/08*

                                                                               */s/ Patricia V. Trumbull*
                                                                              PATRICIA V. TRUMBULL
                                                                              United States Magistrate Judge