REZA NAGAHI
840 Park Drive, Apt. C
Mountain View, CA 94040
(650) 965-1939
nagahi@hotmail.com

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **REZA NAGAHI**, <br><br> Plaintiff, <br><br> vs. <br><br> **CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT,** *et al*., <br><br> Defendants. | Case No.: **C07-06268-PVT** <br><br> **PLAINTIFF'S CASE MANAGEMENT STATEMENT** <br><br> Hearing: July 8, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 5, 4th Floor <br> Judge: Hon. Patricia V. Trumbull |

Pursuant to Civil L. R. 16-9(a), this Court's Order dated May 6, 2008 and the Standing Order for Judges of the Northern District of California, San Jose Division, Plaintiff hereby submits this case management statement in advance of the conference on July 8, 2008.

**I.      JURISDICTION AND SERVICE**

**Jurisdiction**. The subject-matter jurisdiction of this Court is a subject of Defendant Chao's pending motion to dismiss set for hearing on July 8, 2008.

Plaintiff is certified by Defendant Chao as worker eligible for the Trade Adjustment Assistance (TAA) benefits under the Trade Act of 1978 (the "Act"). Plaintiff seeks to enjoin Defendant Chao from operating the TAA program in contravention of the Act and the Constitution. A valid, express waiver of sovereign immunity is contained in 5 U.S.C. § 702, which applies to the injunctive relief sought. There is no adequate forum in which Plaintiff may obtain relief. Therefore, sovereign immunity does not bar suit. Contrary to Defendant Chao's

argument in her motion to dismiss, the Court properly has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361 and other federal statutes.

The TAA benefit program is for workers, such as Plaintiff, who have lost their jobs as a result of import competition. It is jointly administered by the U.S. Department of Labor ("DOL") and the California Employment Development Department ("EDD") (collectively the "Defendants"). The Act authorized DOL to enter into an agreement with the state agencies who, as an agent of the Federal Government, would administer the TAA program. The DOL signed an agreement with EDD, which required EDD to meet the requirements of the Act. The EDD adjudicates claims for benefits, and is governed by the procedures contained in DOL's regulations (the "Regulations") and additional procedures supplemented by DOL. The EDD has developed its own guidelines and procedures, as authorized by the Regulations.

The Act provides that benefits determinations would be in accordance with the state laws. The Regulations implemented this directive. However, DOL offers no process by which the workers, such as Plaintiff, can complain about EDD's failure to comply with the Trade Act and EDD offers no avenue of relief or redress for its failures to provide those benefits. Furthermore, the state remedies are inadequate to address Plaintiff's constitutional claims or complaints that the Defendants are operating the TAA benefit program in contravention of the Act. The guidelines developed by EDD and approved by DOL either perpetuated or expanded a series of limitations upon Plaintiff's procedural rights which compromise the entire process and make the state forums inadequate to address Plaintiff's constitutional challenges.

Congress did not grant exclusive jurisdiction over constitutional challenges to state tribunals, which lack power to either consider the species of claims raised by Plaintiff or grant the relief requested. The overriding problem with Defendants' motions to dismiss is that it incorrectly assumes that Plaintiff seeks relief to overturn a decision made by the EDD with respect to his individual benefit claims. In fact, Plaintiff does not seek to review any of the individual determinations made by EDD claims processing system, but rather, seeks to challenge the procedures and policies by which benefits claims are decided, and the complete absence of any remedies to address the Defendants' failure to provide the benefits provided for under the

1   Act. The case law is clear that, although 19 U.S.C. § 2311(d) may have stripped Article III courts
2   of jurisdiction to second-guess the individual benefits determinations made by the Defendants,
3   Article III courts clearly retain jurisdiction to decide challenges to the constitutionality of a
4   statute, such as Plaintiff's challenge to the Regulations. For example, the Supreme Court in
5   *International Union, U.A.W. v. Brock*, 477 U.S. 274 (1986) provided that suits such as this are
6   not only proper, but appropriate. *Id*. at 284-286.
7       Defendant Chao also contends that her decision to refuse to fulfill her statutory obligation
8   to ensure EDD complied with the Act is committed to her discretion and as such this Court lacks
9   jurisdiction because there is no meaningful standard against to judge agency action. This Court
10  has jurisdiction because (1) Defendant Chao has a mandatory duty, (2) although Defendant Chao
11  has discretion with the depth and breadth of investigation, she has no discretion as to whether she
12  should investigate, and (3) The Agreement, various provisions of the Act, especially § 2311
13  (Agreement with States), and DOL's own regulations are standards that her actions can be
14  measured against; therefore, providing "laws to apply". *See, e.g., Socop-Gonzalez v. INS*, 208
15  F.3d 838, 844 (9th Cir. Cal. 2000); *Diebold v. United States*, 947 F.2d 787, 810 (6th Cir. 1991)
16  ("We have examined the statutes and regulations governing the contracting-out process and have
17  found detailed standards to guide the Army in its privatization decisions."); *Massachusetts*
18  *Public Interest Research Group, Inc. v. United States Nuclear Regulatory Comm'n*, 852 F.2d 9,
19  16 (1st Cir. 1988) ("Agency regulations may provide a standard to apply within the meaning of
20  [Heckler]"); *Chong v. Director, United States Information Agency*, 821 F.2d 171, 176 (3d Cir.
21  1987) ('We hold…that these regulations provide sufficient guidance to make possible judicial
22  review under an abuse of discretion standard."). Therefore, this Court has jurisdiction to hear this
23  case against Defendant Chao and claims against her.
24      This Court has jurisdiction over EDD, as an agent of federal government, under APA and
25  42 U.S.C. § 1331; and under 42 U.S.C. § 2000d *et seq*. because EDD is administering a federal
26  program. Section 2000d-7 waives its sovereign immunity and applies to remedies both at law
27  and in equity.
28      This Court has jurisdiction over state employee defendants in their official capacities

under *Ex parte Young*, 209 U.S. 123 (1908), which applies to injunctive relief and waives their immunity. *Cardenas v. Anzai*, 311 F.3d 929, 934-35 (9th Cir. 2002).

This Court has jurisdiction over state employee defendants in their personal capacities under 42 U.S.C. § 1343; and, First and Fifth Amendments through the Fourteenth Amendment.

This Court has jurisdiction over Plaintiff's state law claims under 42 U.S.C. § 1367 because they and federal law claims are the same case or controversy, arising from a common nucleus of operative facts so they can be tried in a single judicial proceeding.

Accordingly, this Court has jurisdiction to hear all causes of action.

**Personal Jurisdiction.** There are no personal jurisdiction issues.

**Venue.** There is no venue issue.

**Service**. All original Defendants named in the Complaint have been properly served except the last named state defendant, Tom Campbell, who Plaintiff has twice attempted but failed to serve. Plaintiff would ask the Court to extend the service deadline for that defendant to November 5, 2008.

## II. FACTS

**Chronology of the Facts.**

Plaintiff applied for Training benefits, which State Defendants denied. Plaintiff appealed. ALJ affirmed. Plaintiff appealed. CUIAB overturned ALJ's decision finding Plaintiff's training program to be an approved program under the Act and Plaintiff eligible for training benefits. State Defendants denied Plaintiff's second application for training benefits notwithstanding CUIAB's decision. Plaintiff appealed. ALJ heard testimony from State Defendants and continued the hearing due to time limitation. However, before the hearing was to be resumed, State Defendants reversed their decision and stated that they would grant relief sought. ALJ dismissed the appeal. State Defendants refused to provide the benefit and stated that it had to redetermine plaintiff's training application notwithstanding CUIAB's decision and their own promise that they would provide training benefit. Plaintiff requested and the appeal was reinstated. ALJ overturned State Defendants' denial of training benefits and ordered them to issue determination on Plaintiff's TRA application. State Defendants denied Plaintiff's TRA

application. Plaintiff appealed. ALJ overturned the denial. State Defendants appealed. While the appeal was pending before CUIAB, defendant Boomer denied Plaintiff all TAA benefits notwithstanding CUIAB's approval of training and TRA and order that State Defendants issue determination on Plaintiff's Remedial Education application. CUIAB affirmed ALJ's approval of TRA. State Defendants paid training costs but has refused to pay TRA benefits due or to issue determination on Remedial Education application. This action ensued.

**Statement of the Principal Factual Issues in Dispute.**

1. Defendants claim that the Plaintiff has been paid all his benefits. DOL's MTD, 6:4-5, Plaintiff has not been paid his Additional TRA weekly benefits. Compl. P 119.

2. Defendant Chao claims that TAA program operated by EDD is in compliance. DOL's MTD 5:19-21, 5:27-28, 6:1-2, 8:25-28 (n.6), and 10:13-16. Plaintiff claims that according to the findings of ALJ and CUIAB, EDD is not in compliance. *See*, e.g., Compl. PP 103, 107, 110, 114.

3. Defendant Chao claims DOL did not approve EDD policies and procedures in administering the TAA program. DOL's MTD, 7, n.4. Plaintiff alleges that she had.

4. State Defendants claim that Plaintiff is challenging a benefit determination. EDD's MTD, 6:27-28. Plaintiff is not seeking determination or redetermination of any TAA benefit.

### III. LEGAL ISSUES

Plaintiff anticipates the following disputed points of law:

1. Whether this Court has subject matter jurisdiction over Plaintiff's claims, including the following issues raised in Federal Defendant's pending 12(b)(1) motion to dismiss for lack of jurisdiction:
   a. Whether Plaintiff has standing to bring this action against defendant Chao;
   b. Whether 19 U.S.C. § 2311(d) bars review of defendant Chao's action;
   c. Whether defendant Chao's contention that her statutory duty under 19 U.S.C. § 2275(a) to ensure state agencies comply with the Trade Act is limited by law to enforcement actions under 26 U.S.C. § 3302(c)(3) is a permissible construction of that statute;
   d. Whether the Court lacks jurisdiction because the matter is committed to agency

1           discretion as described under *Heckler v. Chaney*, 470 U.S. 821 (1985);
2       e.  Whether defendant Chao's investigatory duty is discretionary as she contends it
            to be under *Greer v. Chao*, 492 F.3d 962 (8th Cir. 2007);
3       f.  Whether this Court has jurisdiction to review defendant Chao's action under
            "pure" abuse of discretion theories, see *Motor Vehicle Mfrs. Ass'n v. State Farm
            Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983);
4       g.  Whether jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 & 1361;
            and
5       h.  Whether the Trade Act, 19 U.S.C. §§ 2291, 2292, 2296, provide independent
            bases for jurisdiction;
2.  If the Court determines it has jurisdiction over Plaintiff's claims, whether the
    allegations in Plaintiff's Complaint sufficiently state claims upon which relief may
    be granted, an issue raised by State Defendants' pending 12(b)(6) motion to dismiss,
    including:
    a.  Whether Plaintiff has stated a cognizable claim or sufficient facts that the State
        Defendants are operating the TAA program in contravention of the Act;
    b.  Whether Plaintiff has stated a cognizable claim or sufficient facts that 19 U.S.C.
        §§ 2291, 2292, 2296 proffer on him an enforceable right;
    c.  Whether Plaintiff has stated a cognizable claim or sufficient facts that EDD and
        its employees are not protected by sovereign immunity afforded by the Eleventh
        Amendment from damages in claims asserted under 42 U.S.C §§ 1983, 1985(3),
        1986 and 2000d *et seq*.
    d.  Whether Plaintiff has stated cognizable claims or sufficient facts that the state
        employee defendants violated his property right to TAA benefits and First and
        Fifth Amendment rights through the Fourteenth Amendment to seek redress, due
        process, and equal protection;
    e.  Whether Plaintiff has stated a cognizable claim that the actions of state employee
        defendants are reviewable by this Court under APA, 28 U.S.C. §§ 1331, 1343;

1        f.   Whether Plaintiff has stated a cognizable claim or sufficient facts that the
2            procedures under the state review process are not adequate to address
3            constitutional claims or claims regarding the interpretation of the Act by DOL;
4            and
5        g.   Whether Plaintiff has stated cognizable claims or sufficient facts based upon
6            slander, conspiracy, intentional and negligent emotional distress, and fraud.
7     3.   Whether a preliminary injunction is appropriate.

**IV.   MOTIONS**

**Pending Motions**. Defendants have each filed a Motion to Dismiss that they anticipate will resolve all of Plaintiff's claims and is set for hearing before the Court on July 8, 2008. Plaintiff opposes the motion and anticipates that all of his claims will survive Defendants' motions.

**Anticipated Motions**. At the present time, Plaintiff anticipates filing a motion for summary judgment. Plaintiff contends he requires discovery in support of his anticipated motion for summary judgment.

**V.   AMENDMENT OF PLEADINGS**

Plaintiff does not currently anticipate significant amendments to the pleadings. However, Plaintiff may seek leave to amend his Complaint to cure any perceived pleading deficiencies to the extent that the Court grants any portion of Defendants' motions to dismiss. Should leave to amend be granted, Plaintiff proposes that 30 days is an appropriate period of time for amendment of the Complaint. Because Defendants have moved to dismiss the Complaint in its entirety under Rule 12(b), they have not filed Answers.

**VI.   EVIDENCE PRESERVATION**

All the evidence is within the control of the Defendants. Parties have not engaged in meet and confer process related to document preservation.

**VII.   DISCLOSURES**

No Rule 26 meeting has taken place; therefore, no disclosure has been made.

**VIII.   DISCOVERY**

1   No discovery has been conducted to date. Plaintiff believes that discovery is necessary and proper and does not believe that the motion to dismiss will be successful. However, Plaintiff contends that the appropriate scope and duration of discovery on the merits cannot be determined until the Court has ruled on Defendants' Motions to Dismiss.

**Anticipated Discovery.**

Plaintiff would initiate discovery with Requests for Production of Documents. Plaintiff anticipates several rounds of written discovery, including interrogatories, requests for production of documents, and requests for admission, in addition to up to 50 merits depositions.

## IX.　CLASS ACTIONS

This case is not a class action. Defendants possess all of the relevant databases and records containing identifying information for the class members. If the case proceeds and discovery identifies individual workers who have standing to pursue the class claims, Plaintiff may file his class certification motion.

## X.　RELATED CASES

Plaintiff is unaware of any pending related cases at this time.

## XI.　RELIEF

Plaintiff seeks injunctive relief against the Defendants to stop them from operating the TAA program in contravention of the Act. Compl., Prayer, 47:18-20.

Plaintiff seeks writ of mandate against state employee defendants to compel them to comply with the order of the ALJ and CUIAB. Compl., Prayer, 47:21-22

Plaintiff seeks a total of $2,300,000.00 in damages against state employee defendants. The damages are calculated abased on the economic and non-economic losses and costs incurred as a result of these defendants' actions. Compl., Prayer, 46:20-28, 47:1-15

Depending on the need to retain an attorney, Plaintiff may seek attorney's fees and costs in an amount to be determined at the time the application is made.

## XII.　SETTLEMENT AND ADR

No ADR efforts have taken place to date. Plaintiff filed his ADR Certification, pursuant to Civil L.R. 16-8(b). Plaintiff anticipates discussing ADR during the case management

1  conference. Plaintiff is willing to participate in a settlement conference with a Magistrate Judge.

2  **XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

3  Plaintiff has consented to have a magistrate judge conduct all further proceedings
4  including trial and entry of judgment.

5  **XIV. OTHER REFERENCES**

6  This case is not suitable for binding arbitration. Unless similar actions are filed, the case
7  should not be referred to the Judicial Panel on Multidistrict Litigation. Plaintiff does not wish to
8  foreclose the option of a Special Master, but believes that such appointment would be premature
9  at this stage.

10 **XV. NARROWING OF ISSUES**

11 Plaintiff is not aware of any narrowing of issues that would be useful at this time, but
12 will keep the Court apprised of any potential narrowing as the litigation progresses. Plaintiff
13 opposes the motion to dismiss and does not believe that it will eliminate any claims.

14 **XVI. EXPEDITED SCHEDULE**

15 Plaintiff does not request an expedited schedule.

16 **XVII. SCHEDULING**

17 Plaintiff proposes the following schedule:

18 
| Task | Proposed Date |
|---|---|
| Discovery cut off | August 28, 2009 |
| Expert discovery cut off | October 2, 2009 |
| Hearing dispositive motions | October 16, 2009 |
| Pretrial conference | November 13, 2009 |
| Trial date | January 4, 2010 |

24 **XVIII. TRIAL**

25 Plaintiff believes this case can be resolved by dispositive motion. In the event of a trial,
26 the case would be tried to a jury. The Complaint as filed attacks the processes and procedures of
27 much of the U.S. Department of Labor and the California Employment Development
28 Department with regards to the Trade Act benefits. Plaintiff also believes it is premature to

estimate length of trial until the Court has ruled on Defendants' pending Motions to Dismiss. Although it is difficult to predict at this early stage of the proceedings, Plaintiff estimate that a jury trial would last approximately 15-20 trial days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 1, 2008, Plaintiff filed his Certification of Interested Entities or Persons stating: Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**XX.  OTHER**

Plaintiff has twice attempted and failed to serve the last named state defendant, Tom Campbell. Counsel for State Defendants is permitted to accept service on defendant Campbell's behalf. Mr. Holland's accepting service for Defendant Campbell would facilitate the speedy and inexpensive disposition of this matter.

RESPECTFULLY SUBMITTED, This 1st day of July, 2008.

/s/ Reza Nagahi
REZA NAGAHI
Plaintiff, *Pro Se*