EDMUND G. BROWN JR.
Attorney General of the State of California
SUSAN M. CARSON
Supervising Deputy Attorney General
CHARLTON G. HOLLAND, III, State Bar No. 36404
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco CA 94102-7004
 Telephone: (415) 703-5519
 Fax: (415) 703-5480
 Email: Charlton.Holland@doj.ca.gov

Attorneys for Defendants
California Employment Development Department,
Forrest Boomer, Peter Kindschi, Deborah Bronow,
James Crawley, Talbott A. Smith and Pauline Gee

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA NAGAHI,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; DEBORAH BRONOW, JAMES CRAWLEY, PAULINE GEE, TALBOTT A. SMITH, FORREST E. BOOMER, PETER KINDSCHI, and TOM CAMPBELL, in their individual and official capacities, as present or former officers of California Employment Development Department; ELAINE L. CHAO, in her official capacity, as the United States Secretary of Labor; and DOES ONE through TEN, inclusive,<br><br>　　　　　　　　　　　　Defendants. | C 07-06268 PVT<br><br>**AMENDED STATE DEFENDANTS' REPLY BRIEF AND RESPONSE TO ISSUES POSED BY COURT**<br><br>Hearing:　　August 12, 2008<br>Time:　　　10:00 a.m.<br>Courtroom:　5<br>Judge :　　Honorable<br>　　　　　　Patricia V. Trumbull |

## INTRODUCTION

The Plaintiff has directed this Court to no pervasive or clear violation of the Trade Act of 1974 (Act). Under *Blessing v. Freestone* 520 U.S. 329 (1997) Congress has certainly foreclosed any "right" of the Plaintiff to have this Court assume general oversight over the Secretary's enforcement of the Employment Development Department's (EDD) administration

of the Act. On a more mundane level, the Plaintiff has not directed this Court to a question of law which is "clear and plain" as required for this Court to assume jurisdiction under the Administrative Procedures Act (APA). 5 U.S.C. § 701(b)(1). *Kildare v. Saenz* 325 F. 3d 1078, 1084 (9th Cir. 2003).

To the extent that the Plaintiff's Case Management Statement directly mentions and attempts to rebut the state defendant grounds for dismissal, the State Defendants will attempt to respond. To the extent the State Defendants' grounds for dismissal are ignored, these grounds will not be discussed or repeated here.[1] The Court will find Plaintiff has not alleged sufficient facts under any cluster of allegations that compel this Court to intervene for any purpose.

## ARGUMENT

### I.

**ASSUMING THAT THIS COURT FINDS THERE IS NO BASIS FOR LIABILITY AGAINST THE STATE DEFENDANTS UNDER PLAINTIFF'S EXTENSIVE DAMAGE CLAIM, THE COURT MUST ALSO FIND THAT NO CLAIM FOR RELIEF EXISTS UNDER PLAINTIFF'S CLAIM FOR MANDATE OR INJUNCTIVE RELIEF.**

The State Defendants submit their arguments regarding all of Plaintiff's damage claims on the arguments found in state defendant's memorandum in support of the motion to dismiss. That leaves Plaintiff's claim for mandate and injunctive relief

The Plaintiff sets forth in his Case Memorandum Statement various grounds for mandate and injunctive relief. In the Statement, the Plaintiff claims that "EDD offers no avenue of relief or redress for its failures to provide those benefits [TAA benefits]." (Statement, p. 2.) This is an incorrect statement of the law. Any determination by the state agency, here EDD, is "subject to review in the same manner and to the same extent as determinations under applicable State law, and only in that manner and to that extent." 19 U.S.C. § 2311(d). The State Defendants have cited this Court to the state review process, administratively within EDD and the California Unemployment Appeals Board (California Unemployment Insurance Code,

---

1. The Plaintiff ignores or touches only indirectly upon State Defendants' arguments regarding the State Defendants' liability for damages under his allegations of slander, conspiracy, negligent or intentional infliction of emotional distress, fraud, equal protection, or racial discrimination. Accordingly, these issues will not be addressed in this reply.

State Defendants' Reply Brief and Response to Issued Posed By Court, *Nagahi v. EDD*, No. 07-06268 PVT
2

§§ 401-410) and judicial review pursuant to California Code of Civil Procedure, § 1094.5.

Second, in his Statement, the Plaintiff claims that the "state remedies are inadequate to address plaintiff's constitutional claims or complaints that the Defendants are operating the TAA benefit program in contravention of the Act." (Statement, p. 2.) However, having made that statement, the "constitutional claims or complaints" that Plaintiff alleges are not a lawful basis for an injunction or mandate. His allegations of First Amendment, Fifth Amendment, or Fourteenth Amendment violations (for which he seeks damages) are all specific to him, happened in the past, and are not presently alleged as continuing, and therefore do not constitute jurisdiction for this Court to issue an injunction to change or prevent the Secretary or EDD from implementing a process, interpretation of the Act or regulation of the Secretary. *Ex parte Young* 209 U.S. 123 (1908) (injunctions against state officials are available only for "prospective" relief.)[2]

Assuming (without conceding) this Court has jurisdiction to issue a writ of mandate or an injunction to correct some interpretation of the Secretary or of EDD of a provision of the Act, what is the Secretary or EDD doing wrong under the Act? In his Statement, the Plaintiff cites this Court to paragraphs 103, 107, 110 and 114 of his complaint as examples of where the department has acted inconsistently with the Act. However, these paragraphs do not contain any allegations of policy driven action by EDD or the Secretary to deny him benefits that are inconsistent with the Act. Some decisions by EDD were reversed under the state review process but that just proves that the system works.

In his Complaint, he alleges in paragraph 217 that the Secretary (and presumptively

---

2. On the one hand, Plaintiff claims that he "does not seek to review any of the individual determinations made by EDD claims processing system" (Statement, p.2 ) but, on the other hand, he claims that he wishes to obtain a court order revising the "procedures and policies by which benefits claims are decided." (Statement, p. 2.) The paradox is that the Plaintiff was provided his benefits under the very system he is challenging. Aside from the allegation that he had to use the state review system and it was time consuming, he has not alleged any systematic change in the procedure that is compelled by law or regulation - constitutional, federal, or state. What Plaintiff believes is that eligibility workers should get the decision regarding benefits right the first time and in his favor. It may be unfortunate but administering a complicated benefit program such as the Act means that mistakes will be made. For that reason, the review process exists.

EDD) interprets the 26 week additional TRA provided in 19 U.S.C. § 2293(g) to pertain to remedial education only. The training program must be one "which includes a program of remedial education." What "remedial" training the Plaintiff should be reimbursed is a factual issue he can resolve in the review process. His allegation is that he suffered a violation of "due process," hardly a question of law "clear and plain."

      In his Complaint, he alleges in paragraph 218 that the requirement in 20 C. F. R. § 617.3(i) that an application be signed and dated by the applicant is inconsistent with the Act. However, a requirement that an applicant be signed and dates is hardly a violation of the Act. He just contends that the Act must be liberally construed.

      In his Complaint, he alleges in paragraph 219 that EDD has a policy of noticing only one issue at a time. He alleges that is in violation of a regulation (unstated) of the Secretary that a prompt appeal be held. If in fact this is the policy of EDD or the Appeals Board, 19 U.S.C. § 2311(d) provides that state procedures are to be implemented in the review of eligibility decisions.

      In his Complaint, he alleges a series of decisions by EDD that worked to his detriment. In paragraph 110, the issue before the hearing officer was whether EDD provided "adequate notice." In paragraph 114, the reviewing official confronted the same notice issue. In paragraph 107, EDD took the position that the Plaintiff had not applied "for additional weeks of TRA benefits within 210 days of the first qualifying separation." However, these issues involved his individual experience with EDD and not as a representative of a class of persons treated unlawfully. His experience depended upon the facts of his case and the decisions by individual state employees trying to do their jobs. To the extent they failed to follow proper procedures or failed to issue the right decisions, they were corrected by the state review process mandated by Congress. Whether it was consistent with the Act that an application had to be "signed" in order to start the 210 day period running is hardly an issue to be addressed by this Court. The requirement that a signature be place on an application by the applicant is lawful. The allegations of the Plaintiff are that he did not sign the application and he did not do so because he was not given adequate notice that he should have signed the application. Hence, the

hearing officer found that the signature requirement could be disregarded.

In his Complaint, Plaintiff strenuously objects to the length of time it took him to obtain his benefits. He alleges in paragraph 33 that the Secretary's regulations require that eligibility determinations be made "promptly." Accordingly, he sets forth in paragraphs 117, 118 and 119 an enormous length of the period of time that he believes it took him to obtain the benefits to which he was entitled and for which he bears no individual responsibility. He argues that EDD did not grant his benefits promptly and therefore violated the Act. The period it took the Plaintiff to obtain benefits represents his unique experience. The Plaintiff has not and can not allege that "delay" was a pervasive and intentional policy of EDD.

The Plaintiff cites this Court to *International Union U.A.W, v. Brock* 477 U.S. 274, 284-286 (1986) for the proposition that federal courts have jurisdiction under 28 U.S.C. § 1331(a), notwithstanding the state review process compelled by 19 U.S.C. § 2311(d), to review the guidelines under which the Secretary administers the Act and determine whether those guidelines are consistent with the provisions of the Act. However, the union and its members in *International Union U.A.W* challenged a specific interpretation by the Secretary of an eligibility provision in a handbook published by the Secretary for the guidance of the states. The Supreme Court held that, under these facts, the union and its members had standing to challenge that specific policy. The Supreme Court was clear that in order for a district court to assume jurisdiction over the administration of a program entrusted by Congress to an administrative agency a "pure question of law" had to be pled. If it was not, the district court had to had to defer to the state review process. (*Id.* at 287.) In any event, *International Union U.A.W.* must be interpreted in light of *Blessing v. Freestone* 520 U.S. 329 (1997) which the State Defendants discuss below in response to the Court's issues.

## II.

**STATE DEFENDANTS' RESPONSES TO ISSUES POSED BY THE COURT.**

**ISSUE:**

A. Whether, when as an "agent of the United States" the State Defendants receive applications for and provide to worker trade adjustment assistance under the Trade Act of 1974

1  (see 19 U.S.C.A. § 2311(a)(1)), they are acting as an "authority of the Government of the United
2  States" for purposes of the Administrative Procedures Act (see 5 U.S.C.A. 701(b)(1)).
3  **RESPONSE:**
4  The State Defendants are acting as an "authority of the Government of the United
5  States" in the sense they are administrating a federal program under contract with the Secretary.
6  19 U.S.C. § 617.60(e). The State Defendants are subject to the Administrative Procedures Act (5
7  U.S.C. § 617.60(e)), however, only to the extent that the Plaintiff meets the standard for review
8  under the APA set forth in *Kildare v. Saenz* 325 F. 3d 1078, 1084 (9th Cir. 2003). To the extent
9  that the Plaintiff has not received his benefits, had his benefits "unreasonably" delayed, or
10 challenges the failure of EDD to provide those benefits in the past (but received those benefits
11 after state administrative review), he has not stated a cause of action because he had an adequate
12 state court remedy. Secondly, *Kildare* also requires that the individual's claim be "clear and
13 certain" and that the official's duty be "so plainly prescribed as to be free from doubt." (*Id.* at
14 1084.)
15 Although it is clear that Congress wanted benefits under the Trade Act to be provided
16 "promptly," it is also clear that the Secretary is given the discretion how the state employment
17 agencies are to carry out this function. What is "prompt" is hardly "clear and certain" and what
18 the duty of the Secretary might be is also hardly "so plainly prescribed as to be free from doubt."
19 The Plaintiff has not stated a cause of action under the APA.
20 **ISSUE:**
21     B.   Whether, under the guidance of *Blessing v. Freestone* 520 U.S. 329 (1997) and its
22 progeny, the Trade Act of 1974 gives rise to a federal "right."
23 **RESPONSE:**
24 Whether or not the Trade Act of 1974 provides for a federal "right" depends upon the
25 "right" that the Plaintiff is seeking to enforce. In *Blessing*, the Supreme Court held that a
26 complaint for injunctive relief, under 42 U.S.C. § 1983, did not provide the district court with
27 jurisdiction "to have the State substantially comply with title IV-D in all respects." (*Id.* at 342.)
28 However, the court did not foreclose jurisdiction under section 1983 in the event that the

Plaintiff was able to articulate and the district court evaluate "well-defined claims." (*Ibid.*) The Plaintiff might be able to circumvent *Blessing* if he could allege a "well-defined claim" that constituted a prospective policy that affected him directly. However, in this case the Plaintiff is seeking exactly what the plaintiffs in *Blessing* were seeking and what the Supreme Court held was not available, to wit: "to compel the state defendants to follow the law, perform their duties and comply with CUIAB decisions." (Complaint, ¶ 127.) The Plaintiff has not pled a "right" under *Blessing*.

**ISSUE:**

C. Whether, assuming the Trade Act of 1974 does give rise to a federal "right," Congress "specifically foreclosed a remedy under § 1983" for violations of that right. See *Blessing v. Freestone*, 520 U.S. at 341.

**RESPONSE:**

If this Court decides that EDD is acting as a federal agent for the purposes of the Administrative Procedures Act, then EDD is not acting under "color of state law" as required for jurisdiction of this Court under 42 U.S.C. § 1983. Accordingly, in that sense, Congress has "specifically foreclosed a remedy under § 1983." However, assuming that this Court finds that EDD is acting under "color of state law," as discussed in the State Defendants answer to issue number B posed by the Court, what remedy has been "specifically foreclosed" under § 1983 depends under what "right" the Plaintiff is seeking to enforce. The Plaintiff is seeking to have this Court perform the oversight role that Congress entrusted to the Secretary. Congress has "specifically foreclosed [that] remedy under § 1983."

//
//
//
//
//
//
//

// 

## CONCLUSION

For the reasons stated in State Defendants' motion to dismiss and this rely, it is prayed that the motion be granted.

Dated: July 28, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        SUSAN M. CARSON
        Supervising Deputy Attorney General

*/s/ Charlton G. Holland, III*

        CHARLTON G. HOLLAND, III
        Deputy Attorney General

        Attorneys for Defendants
        California Employment Development Department,
        Forrest Boomer, Peter Kindschi, Deborah Bronow,
        James Crawley, Talbott A. Smith and Pauline Gee

20125969.wpd
SF2007403425

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Reza Nagahi v. California Employment Development Department, et al.**

Case No.:    **C 07-06268 PVT**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>July 28, 2008</u>, I served the attached **Amended State Defendants' Reply Brief And Response To Issues Posed By The Court** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Reza Nagahi
840 Park Drive, Apt. C
Mountain View  CA  94040
Plaintiff, Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 28, 2008, at San Francisco, California.

| Wallace Greene | *Wallace Greene* (signature) |
|---|---|
| Declarant | Signature |

20128799.wpd