JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
Claire.Cormier@usdoj.gov

Attorneys for Defendant
Elaine Chao,
Secretary, Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, et al.,<br><br>    Defendants. | Case No. C 07-06268 PVT<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: August 12, 2008<br>Time: 10:00 a.m.<br>Courtroom 5, 4th Floor<br>Hon. Patricia V. Trumbull |

    In plaintiff's Case Management Conference Statement, which the Court has deemed to be plaintiff's opposition to the pending motions to dismiss, plaintiff states that this Court has subject matter jurisdiction, but plaintiff does not directly address the standing argument made by Secretary Chao. Therefore, for the reasons previously stated, the Secretary's motion to dismiss should be granted on this basis.

    Plaintiff does cite to several cases to address the Secretary's argument that the Court lacks jurisdiction because the decision as to whether the Secretary may impose sanctions for the failure of a State to comply with the terms of its Agreement is committed to agency discretion by law. See Plaintiff's Case Management Statement at 3. However, the cases are distinguishable and do

1  not undermine the argument contained in the Secretary's Motion to Dismiss that the Department
2  of Labor's decision not to initiate enforcement action against EDD is barred by <u>Heckler v.</u>
3  <u>Chaney</u>, 470 U.S. 821 (1985).
4        Only one of the cases cite by plaintiff was a challenge to a decision not to take
5  enforcement action.  Although in <u>Mass. PIRG v. NRC</u>, 852 F.2d 9 (1st Cir. 1988), the First
6  Circuit stated that agency regulations *may* provide a standard to apply, the court declined judicial
7  review because it did not find any regulations that provided a meaningful standard.  This is the
8  precise situation that exists here, and the result should be the same.
9        Plaintiff also cites to <u>Socop-Gonzalez v. INS</u>, 208 F.3d 838 (9th Cir. 2000).  In that case,
10 the plaintiff sought review of the denial by the Board of Immigration Appeals of a motion to
11 reopen deportation proceedings.  Although the BIA had a regulation that stated that a decision
12 whether to reopen a deportation proceeding is within the Board's discretion, the Board had issued
13 several decisions stating that the regulation allowed the Board to reopen proceedings in
14 exceptional situations.  Consequently, the Ninth Circuit found that there was law to apply.
15 Significantly, the court found that the policy considerations animating the <u>Heckler</u> decision did
16 not apply.  In contrast, those policy considerations apply in the instant case and bring the case
17 under the <u>Heckler</u> principle, as discussed in the Federal Defendant's Motion to Dismiss at pages
18 8 through 11.
19       Similarly, in <u>Diebold v. U.S.</u>, 947 F.2d 787 (6th Cir. 1992), plaintiffs challenged an Army
20 decision to privatize food service at Fort Knox.  The Army argued that there was no law to apply
21 but the Sixth Circuit found that there are detailed standards to guide the Army in its procurement
22 decisions.  Again, <u>Diebold</u> did not relate to an agency decision not to take enforcement action.
23 As stated in <u>Heckler</u>, "an agency decision not to enforce often involves a complicated balancing
24 of a number of factors which are peculiarly within its expertise." <u>Heckler</u>, 470 U.S. at 831.
25       The Trade Act regulations do not contain a detailed list of the factors to be considered in
26 connection with a decision not to take enforcement action against a state or how those factors
27 should be weighed.  Accordingly, there is no law to apply since the decision whether the State of
28 California has fulfilled its commitments under its Agreement to administer the Trade Act, and

1  whether enforcement action should be initiated against the State for such failure, is committed to
2  the agency's discretion.
3        Finally, plaintiff cites to Chong v. USIA & INS, 821 F.2d 171 (3rd Cir. 1987). In that
4  case, the plaintiff challenged a USIA denial of a favorable recommendation on a request for
5  waiver that a visitor reside abroad for two years before becoming eligible for an immigrant visa
6  or permanent residence. The Third Circuit found that regulations set forth a procedure used to
7  review such requests which provided sufficient guidance to determine whether USIA abused its
8  discretion. The court acknowledged that its decision was contrary to the decisions of two other
9  circuits and various district courts. However, the court found that the scope of review was
10 severely limited and ultimately determined that USIA followed its regulations and did not abuse
11 its discretion.
12       Here, the Trade Act regulations do not provide a list of factors for the Secretary to
13 consider in determining whether to initiate enforcement action against a state for failure to
14 comply with the terms of its Agreement. Consequently, there is no law to apply.
15       As stated in the Secretary's Motion to Dismiss, "the Department's decision not to take
16 enforcement action against EDD for its handling of plaintiff's applications for various Trade Act
17 benefits, and the lack of information suggesting that there were systemic violations of the Trade
18 Act by EDD, place plaintiff's claim against the Department under Heckler and its line of cases
19 and make the Secretary's decision not to take enforcement action against EDD unreviewable."
20 Federal Defendant's Motion to Dismiss at 10.
21       For all the reasons discussed in the Secretary's motion to dismiss, defendant Chao
22 respectfully requests that plaintiff's claims against the Secretary of the Department of Labor
23 should be dismissed with prejudice and without leave to amend.

                                                Respectfully submitted,

DATED: August 5, 2008             JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                        /s/ Claire T. Cormier

                                        CLAIRE T. CORMIER
                                        Assistant United States Attorney