UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>        Plaintiff,<br><br>  v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: C 07-6268 PVT<br><br>**ORDER DENYING IN PART, GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Currently pending before the court is Defendants' motion for summary judgment. Having reviewed the papers submitted by Defendants,[1] and the file herein, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the briefs and declarations submitted, and the file herein,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is DENIED IN PART, GRANTED IN PART and DEFFERED IN PART, as discussed herein.

### I. FACTUAL BACKGROUND

With the exception of one warrant and several pages of payment records attached to Defense

---

[1] Despite being granted two extensions of time to file opposition papers, Plaintiff failed to file any written opposition to the motion.

ORDER, *page 1*

counsel's declaration, Defendants base their statement of undisputed facts entirely on Plaintiff's verified complaint, which contains an exceptionally detailed statement of facts. The court finds it unnecessary to repeat those facts here.

## II.  STANDARD OF REVIEW

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the undisputed facts he is entitled to judgment as a matter of law. *Id.,* at 322.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party meets its initial burden, then the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.PRO., Rule 56(e).

The moving party in not required to negate the elements of the non-moving party's case on which the non-moving party bears the burden of proof. *Celotex,* 477 U.S. at 323. On the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Ibid.*

Nor can the non-moving party defeat the moving party's proper motion for summary judgment simply by *alleging* a factual dispute between the parties. To preclude summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). If the opposing party shows that it cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may either deny or continue the motion to allow additional discovery. FED.R.CIV.PRO., Rule 56(f).

The court must draw all reasonable inferences in favor of the non-moving party. *Masson v.*

*New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.

It is the court's responsibility "to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### III.  DISCUSSION

#### A.  SUMMARY JUDGMENT IS NOT WARRANTED AS TO PLAINTIFF'S ADMINISTRATIVE PROCEDURES ACT CLAIM

Defendants argue that Plaintiff cannot base this claim on Defendants' alleged failure to provide a determination on his application for remedial education benefit, because EDD paid for the costs of Plaintiff's training that began in January, 2005.[2] This argument fails because the training that EDD paid for was *not* the remedial education benefit for which Plaintiff had applied.

In his verified complaint, which constitutes evidence for purposes of this motion,[3] Plaintiff attests that on January 24, 2005, Defendant Gee issued a denial of his "training application" on a "denial form." (Verified Complaint ¶ 80.) Plaintiff further attests that on July 26, 2006, Defendant Crawley "orally" denied Plaintiff's application for "remedial education benefit" and refused to issue a determination. (Verified Complaint, ¶ 105.) Those were two separate applications for two kinds of training benefits. *See* 19 U.S.C.A. § 2296(a)(5)(F) and (a)(5)(D) (as in effect prior to August 11,

---

[2]  The court will not address Defendants' unsupported and unintelligible argument regarding Plaintiff's claim as to Defendants' delay. The court will also not address Plaintiff's other claims in this cause of action, because Defendant did not challenge them in this motion.

[3]  Because Plaintiff's complaint is verified, it serves as an affidavit for purposes of a summary judgment motion. *See Moran v. Selig*, 447 F.3d 748, 759 n. 16 (9th Cir.2006) (noting that a verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and sets forth the requisite facts with specificity).

2006). Just a month before Crawley's oral denial of "remedial education benefits," Administrative Law Judge Sure had already reversed Defendant Gee's denial of training benefits, and had ruled that Plaintiff was in an approved training program and the training costs were reimbursable. (*See* Verified Complaint, ¶ 103.) There would have been no reason three months later, at the hearing on the denial of Plaintiff's application for "addition TRA benefits," for ALJ Sure to direct Crawley to issue a determination on Plaintiff's application for remedial education benefits if it was the same application she had already ruled had been approved. (*See* Verified Complaint, ¶ 107.)

**B.   SUMMARY JUDGMENT IS NOT WARRANTED AS TO PLAINTIFF'S SECTION 1983 CLAIM BASED ON DEFENDANT CRAWLEY'S ALLEGED VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION GOVERNMENT**

Defendants first contend this claim is contradictory because Defendant Crawley was part of the government that Plaintiff sought to petition. Defendants provide no legal authority for the implicit argument that government officials are absolutely immune from suit for violating a claimant's right to petition government.[4]

Defendants again make the erroneous assertion that Plaintiff was paid for "remedial" training. As discussed in section III.A., *supra*, the training Defendant EDD paid for was not the "remedial education benefit."

Finally, Defendants complain about the amount of petitioning in which Plaintiff engaged, apparently arguing that it is permissible to deprive someone of the right to petition government after he or she has engaged in some undefined limit on petitioning. Again, Defendants cite no legal authority for this proposition.

**C.   SUMMARY JUDGMENT IS NOT WARRANTED AS TO PLAINTIFF'S SECTION 1983 CLAIM BASED ON DEFENDANTS' ALLEGED VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS**

Defendants base their motion as to this cause of action primarily on their contention that Plaintiff was paid all benefits owed him. At a minimum, there is a genuine issue of material fact regarding whether Plaintiff received all of the benefits that were the subject of ALJ Sure's November 3, 2006 decision, which was affirmed by the California Unemployment Insurance

---

[4] In denying Defendants' motion, the court does not intend to imply there are no deficiencies in Plaintiff's claims. However, it is up to Defense counsel to properly brief the relevant legal standards and apply the law to the facts.

ORDER, *page 4*

Appeals Board.

In his verified complaint, Plaintiff attests that Defendants refused to pay the Additional TRA "ordered" by ALJ Sure.[5]  (*See*, Verified Complaint, 31:3-8.)  On March 2, 2010 and March 9, 2010, Plaintiff filed declarations in support of his request for a continuance and his motion to strike defense counsel's declaration.  Those declarations provide evidence that: 1) the October, 2007 warrant (exhibit A to Defense counsel's declaration) reimbursed Plaintiff for the cost of his training at San Jose State University, not a "remedial" education benefit; and 2) none of the benefits paid after Judge Sure's November 3, 2006 decision (as reflected in the payment records attached to Defense counsel's declaration) were Trade Act benefits, but instead were regular unemployment benefits.  Defendants have submitted no other evidence of any payments of Trade Act benefits to Plaintiff.  Thus, on the current state of the record, there is a genuine issue of material fact regarding whether Plaintiff was paid all of the Trade Act benefits that were the subject of ALJ Sure's November 3, 2006 decision.

### D. AT THIS TIME SUMMARY JUDGMENT IS NOT WARRANTED AS TO PLAINTIFF'S EQUAL PROTECTION, DISCRIMINATION AND CONSPIRACY CLAIMS

Plaintiff's claims for violation of equal protection, discrimination and conspiracy all require Plaintiff to prove Defendants' state of mind and/or intent.  Plaintiff has requested, and by separate order the court is granting, relief from the deadline for moving to compel discovery.  Because the outcome of Plaintiff's anticipated motion to compel discovery may enable him to submit evidence relevant to Defendants' state of mind and/or intent, the court finds that summary judgment is not warranted as to these claims at this time.

### E. AT THIS TIME SUMMARY JUDGMENT IS NOT WARRANTED AS TO THE SUPERVISORY DEFENDANTS

Summary judgment is also not warranted as to the supervisory Defendants prior to resolution of Plaintiff's anticipated motion to compel discovery.

---

[5] The court notes that Plaintiff alleges the ALJ had "approved" his Additional TRA benefit. However, in the verbatim quote from her decision, ALJ Sure states only that Plaintiff "is not ineligible for additional training benefits," which appears to have left the door open for Defendants to deny those benefits on any other valid grounds.

ORDER, *page 5*

### F. DEFENDANTS HAVE NOT SHOWN THAT, AS A MATTER OF LAW, THEY ARE ENTITLED TO QUALIFIED IMMUNITY

Because the court has found there are triable issues of fact with regard to the claims based on the First, Fifth and Fourteenth Amendment, it follows there is a triable issue of fact regarding whether Plaintiff will be able to prove a constitutional violation. Defendants did not address in their motion any of the specific conduct that Plaintiff claims violated his constitutional rights. Qualified immunity is an affirmative defense, and thus it was incumbent on Defendants to identify in this motion the specific conduct for which they claim qualified immunity. Neither Plaintiff nor the court is required to guess the acts for which Defendants are claiming immunity. It may be that Defendants will ultimately be found entitled to qualified immunity for some or all of the complained of conduct. But Defendants have not sufficiently raised the issue in this motion.

### G. SUMMARY JUDGMENT IS WARRANTED AS TO PLAINTIFF'S STATE LAW CLAIMS

Defendants contend summary judgment on the state law claims is warranted because Plaintiff failed to timely present any tort claim to the State. The court agrees.

Presentation of a claim against the employing public entity is a prerequisite to suing a current or former public employee based on acts or omissions within the scope of his or her public employment. *See* CAL.GOV.CODE §§ 911.2, 9114, 915, 945 & 950.2; *see also, e.g., Olden v. Hatchell*, 154 Cal.App.3d 1032, 1034 (1984). "For the purpose of the claim statute, a public employee is acting in the course and scope of his employment 'when he is engaged in work he was employed to perform or when the act is an incident to his duty and was performed for the benefit of his employer and not to serve his own purposes or conveniences.'" *See Neal v. Gatlin*, 35 Cal.App.3d 871, 875 & n. 3 (1973) (also noting that "if the object or end to be accomplished is within the employee's express or implied authority his act is deemed to be within the scope of his employment irrespective of its wrongful nature.").

In his verified complaint, Plaintiff alleges that Defendants are responsible for Trade Act

1  administration, policy interpretations, and benefit determinations.  All of the allegedly tortious
2  conduct of which Plaintiff complains falls within that scope of employment.  The fact that the public
3  employee Defendants may have acted wrongfully in the course of their employment does not relieve
4  Plaintiff of the statutory requirement that he time submit a tort claim to the State.  (By their nature,
5  tort claims always involve allegations of wrongful conduct.)  Thus, Plaintiff was required to timely
6  submit a tort claim to the State before filing tort causes of action against any of the public
7  employees.
8  Because there is no evidence in the record that Plaintiff either complied with the tort claim
9  presentation requirement, or had a legally cognizable excuse for noncompliance, his tort claims
10 against the individual public employees are barred and summary judgment as to those claims is
11 warranted.

### H. SUMMARY JUDGMENT IS NOT WARRANTED AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

14 Defendants assert two bases for their contention that summary judgment in their favor is
15 warranted on Plaintiff's claim for injunctive relief: 1) that Plaintiff purportedly cannot make any
16 showing to withstand summary judgment on his other causes of action; and 2) that there is no
17 credible threat of recurrent injury.[6]  Neither of those bases survives the rulings herein.

### IV. CONCLUSION

20 The court finds it appropriate to allow Plaintiff one last chance to move to compel discovery
21 before ruling on Defendants' motion for summary judgment with respect to Plaintiff's claims for
22 violation of equal protection, discrimination and conspiracy, and with respect to his claims against
23 the supervisory Defendants.  The motion is thus DEFERRED as to those claims.
24 As to Plaintiff's state law tort claims, summary judgment is GRANTED because Plaintiff

---

[6] Defendants also refer to language in the complaint that suggests Plaintiff may be seeking relief on behalf of "similarly situated workers." *See* Verified Complaint, ¶ 223.  However, Plaintiff has not filed a class action complaint, and he cannot do so *pro se* in any event.  *See, e.g., White v. Geren*, 310 Fed.Appx. 159 (9th Cir. 2009) (unpublished) (noting that a plaintiff proceeding *pro se* was not an adequate class representative), citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (holding that a lay person lacks authority to appear as an attorney for others).

ORDER, *page 7*

1 | failed to comply with California's tort claim presentation requirements.
2 |     As to the remaining claims, Defendants have not shown that, based on the undisputed facts,
3 | they are entitled to judgment as a matter of law, and thus summary judgment is DENIED as to all
4 | such remaining claims.
5 | Dated: *6/23/10*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge