1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   REZA NAGAHI,                    )        Case No.: C 07-6268 PVT
                                     )
13              Plaintiff,           )        **ORDER DENYING PLAINTIFF'S REQUEST**
                                     )        **FOR LEAVE TO FILE MOTION FOR**
14        v.                         )        **RECONSIDERATION OF SUMMARY**
                                     )        **JUDGMENT ENTERED AGAINST PLAINTIFF'S**
15   CALIFORNIA EMPLOYMENT           )        **STATE LAW CLAIMS**
     DEVELOPMENT DEPARTMENT, et al., )
16                                   )
                Defendants.          )
17   _____ )

18          On June 24, 2010, Plaintiff filed a Request for Leave to File a Motion for Reconsideration of

19   Summary Judgment Entered Against Plaintiff's State Law Claims.  Having reviewed the papers

20   submitted by the parties, the court finds it appropriate to issue this order without further briefing or

21   oral argument.

22          IT IS HEREBY ORDERED that Plaintiff's motion is DENIED.

23          Plaintiff fails to show that leave to file a motion for reconsideration is warranted under Civil

24   Local Rule 7-9, which requires the moving party to show:

25          "(1)    That at the time of the motion for leave, a material difference in fact or
                    law exists from that which was presented to the Court before entry of
26                  the interlocutory order for which reconsideration is sought.  The party
                    also must show that in the exercise of reasonable diligence the party
27                  applying for reconsideration did not know such fact or law at the time
                    of the interlocutory order; or
28
            "(2)    The emergence of new material facts or a change of law occurring after

                                    ORDER, *page 1*

1    the time of such order; or

2    "(3)   A manifest failure by the Court to consider material facts or dispositive
            legal arguments which were presented to the Court before such
3            interlocutory order."  *See* CIVIL L.R. 7-9(b).

4    Plaintiff has not shown that any of the foregoing circumstances apply.  He bases his request

5    on a claim that he was excused from complying with the claim presentation requirement of the

6    California Tort Claims Act.  While this would be a "material difference in fact" from that which was

7    presented to the court before entry of its summary judgment order, Plaintiff has not asserted, much

8    less shown, that he did not know that purported fact before the summary judgment order was

9    entered.  Nor has Plaintiff shown the emergence of any new material facts or changes of law

10   occurring after the time of the order, nor a manifest failure by the court to consider material facts or

11   dispositive legal arguments that were before the court.  Thus, leave to file a motion for

12   reconsideration is not warranted under Civil Local Rule 7-9.

13   Moreover, it appears Plaintiff's anticipated motion for reconsideration lacks merit.  Plaintiff

14   essentially argues he was excused from the claim presentation requirement because Defendants

15   "never intended to investigate or settle Plaintiff's claims."  However, the Tort Claims Act required

16   Plaintiff to present his state law tort claims not to the Defendants, but to the California Victim

17   Compensation and Government Claims Board.  *See*, CAL.GOV'T.CODE 905.2.  Plaintiff has not

18   suggested there is any reason to believe that presentation of his claims to the California Victim

19   Compensation and Government Claims Board would have been futile.  And even if Plaintiff could

20   show claim presentation would have been futile, Plaintiff cites no case, and the court has found none,

21   where futility excused noncompliance with the claim presentation requirement.

22   Plaintiff reminds the court of its policy of resolving cases on their merits rather than

23   technicalities when reasonably possible.[1]  However, California's claim presentation requirement is

24   not merely a procedural "technicality."  It is a *substantive element* of any tort cause of action against

25   the state.  *See State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240-44 (2004).  The intent of the

26

27        [1]      Plaintiff also points out that failure to allege compliance with the claims presentation
28   requirement does not divest a court of subject matter jurisdiction, citing *State v. Superior Court (Bodde)*,
     32 Cal.4th 1234, 1239 n.7 (2004).  However, in the footnote cited, the court was merely explaining why
     it found dismissal for failure to state a claim appropriate rather than dismissal for lack of jurisdiction.

Tort Claims Act is to "confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *See Williams v. Horvath*, 16 Cal.3d 834, 838 (1976). Plaintiff's failure to either comply with the claim presentation requirement, or establish a legally cognizable excuse for noncompliance, takes his claims outside of the scope of California's waiver of sovereign immunity. Thus, summary judgment in favor of the state Defendants on Plaintiff's state law tort claims was warranted.

Dated: *7/1/10*

Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge