UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>             Plaintiff,<br><br>      v.<br><br>CALIFORNIA EMPLOYMENT<br>DEVELOPMENT DEPARTMENT, et al.,<br><br>             Defendants. | Case No.: C 07-6268 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY AND TO DETERMINE SUFFICIENCY OF AN ANSWER OR OBJECTION** |

On July 6, 2010, Plaintiff filed a Motion to Compel Further Responses to Discovery and to Determine Sufficiency of an Answer or Objection.[1] Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED, and Defendants' objections are OVERRULED as untimely. Plaintiff served his discovery requests on Defendants by mailing them to Defense counsel on January 29, 2010. On February 19, 2010, Defendants served responses on Plaintiff in which they did not provide any substantive information, instead objecting on the erroneous grounds that the requests had not been served by the January 29, 2010 deadline

---

[1] Plaintiff also filed a motion for relief from the requirements of Civil Local Rule 37-2 (requiring a moving party to address each request separately in a motion to compel) which the court hereby grants.

ORDER, *page 1*

because the they were postmarked January 30, 2010. Defendants did not assert any other objections in their responses, stating only that they "reserve all other objections." Rather than moving to compel, Plaintiff filed a application for a retroactive one day extension to serve his discovery. On February 22, 2010, this court issued an order finding Plaintiff's application moot because service was effective on the date he mailed the requests, not the postmark date.[2] Despite the court's ruling that the requests had been timely served, Defendants waited almost another month to serve supplemental responses on Plaintiff. In their supplemental responses, they belatedly attempted to assert objections that had not been included in their prior responses. At no time did Defendants seek any extension of time for responding to Plaintiff's discovery requests.

In opposing Plaintiff's argument that Defendants waived all objections that they had not timely asserted in response to the discovery requests, Defendants again claim that they somehow "reserved" those objections. Defendants cite no legal authority for this baseless contention. On the contrary, both the rules and the case law interpreting them make clear that *all* objections must be timely asserted, and may not be unilaterally "reserved." *See* Fed.R.Civ.Pro. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"), 34(b)(2)(B) (". . . or state an objection to the request, including the reasons") & 36(a)(5) ("The grounds for objecting to a request must be stated."); *see also Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D.Cal. 1998) ("Objections not interposed in a timely initial response may not be held in reserve") and *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

IT IS FURTHER ORDERED that, to the extent they have not yet done so, no later than August 3, 2010, Defendants shall supplement their responses to respond to Plaintiff's discovery requests, including all responsive information reasonably available to them. Each Defendant must serve a separate response to each discovery request propounded to that Defendant, *including* the requests for admission. While a request might be phrased "collectively," it is not a foregone

---

[2] *See* Fed.R.Civ.P. 5(b)(2)(C); *see also, Larez v. Holcomb*, 16 F.3d 1513, 1515 n.1 (9th Cir. 1994).

conclusion that each Defendant would give the same response. Plaintiff is entitled to be informed of each Defendant's individual response (even if they all turn out to be the same).

Dated: *7/23/10*

*[signature: Patricia V. Trumbull]*
PATRICIA V. TRUMBULL
United States Magistrate Judge