UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA NAGAHI,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 5:07-cv-06268-EJD<br><br>**ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM DECISION**<br><br>Re: Dkt. No. 255 |

    Plaintiff Reza Nagahi, appearing pro se, brings this action against the California Employment Development Department and several of its current and former employees in their individual and official capacities. Compl., Dkt. No. 1. He seeks relief for Defendants' alleged failure to pay him benefits under the Trade Act of 1974, 19 U.S.C. § 2101 et seq. (P.L. 93-618, as amended), and the Trade Act of 2002, 19 U.S.C. § 3801 (P.L. 107-210). Id.

    On September 9, 2011, the Court granted summary judgment in Defendants' favor on all of Nagahi's claims. Dkt. No. 244. Judgment was entered accordingly on the same day. Dkt. No. 225.

Case No.: 5:07-cv-06268-EJD
ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM DECISION

1

Nagahi filed a notice of appeal on September 26, 2011. Dkt. No. 229. On February 10, 2014, the Ninth Circuit issued a memorandum decision that stated in its entirety:

> The State defendants have advised the court that "[a]lthough this case has a long and complex history, the result in this Court should be short and simple: a remand to the District Court so that Petitioner Reza Nagahi might be provided with the two possible forms of relief to which he may be eligible: the appropriate measure of Additional Trade Readjustment Allowance monetary benefits to which he is entitled by statute, and a written notification regarding his application for Remedial Education benefits." Accordingly, we REVERSE and REMAND for further proceedings in accordance with the above.

Dkt. No. 255. The Ninth Circuit issued its formal mandate on July 11, 2014. Dkt. No. 261.

After the case was remanded, the Court scheduled a case management conference. Dkt. No. 263. The Court granted Nagahi's request to continue that conference by nearly three months. Dkt. No. 267. The Court then granted Nagahi's request to continue the conference by another 2.5 months. Dkt. No. 269. Dkt. No. 272. Based on the parties' case management statements, the Court decided that it would conduct a bench trial on December 15, 2015, "in order to carry out the Ninth Circuit's instruction on remand," and it issued a scheduling order accordingly. Dkt. No. 276.

The parties proceeded with trial preparation as required by the Court's scheduling order. The Court held a pretrial conference on December 3, 2015. Following that conference, the Court issued a minute order that directed as follows:

> [O]n or before 5:00 p.m. on January 22, 2016, each party shall serve and file a supplemental brief. On or before 5:00 p.m. on February 12, 2016, each party shall serve and file a response to the other partys supplemental brief. Upon receiving and reviewing the supplemental briefing the court will determine whether an additional hearing is necessary to carry out the Ninth Circuit's instructions on remand and, if so, what form that hearing should take. As such, the court trial scheduled for 12/152015, is VACATED.As to the second form of relief to which Plaintiff "may be eligible," counsel for Defendants stated at the conference that "a written notification regarding [Plaintiff's] application for Remedial Education benefits" would issue on or before 5:00 p.m. on December 18, 2015. The court orders that such notice issue by that date and time in accordance with counsel's statement. The court schedules this action for a Status Conference at 10:00 a.m. on February 25, 2016.

Case No.: 5:07-cv-06268-EJD
ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM DECISION
2

Dkt. No. 293. The parties submitted their supplemental briefs accordingly. Dkt. Nos. 301, 302, and 304. After the Court granted Nagahi's request to postpone the conference, the Court ultimately held the conference on April 21, 2016. Dkt. No. 310. Following the conference, the Court directed the parties to attend a settlement conference with Magistrate Judge Nathanael Cousins. Dkt. No. 311.

The parties attended the settlement conference but did not settle the case. The Court then held a further case management conference on July 28, 2016. Following the conference, the Court directed the parties to file briefs "addressing the legal basis as to whether Plaintiff is entitled to or not entitled to benefits and a description of those benefits." Dkt. No. 324. Defendants filed their brief in response to the Court's order on March 22, 2017. Dkt. No. 333. Nagahi filed his brief on May 22, 2017. Dkt. No. 334.

In their brief, Defendants explain that, in order to qualify for additional Trade Readjustment Allowance ("TRA") benefits, Nagahi must show that he was entitled to and exhausted his unemployment insurance benefits arising from his employment in February and March 2005. Dkt. No. 333 at 4 (citing 19 U.S.C. § 2291(a)(3)(A)–(C)). Defendants explain that Nagahi failed to meet the requirements of 19 U.S.C. § 2291(a)(3) because he did not exhaust his unemployment benefits for that period. Id. at 5. As such, Nagahi is not entitled to any further TRA benefits from Defendants. Id.

Defendants also explain that they have complied with the Ninth Circuit's instruction to give Nagahi "a written notification regarding his application for Remedial Education benefits." Dkt. No. 255 at 2; Dkt. No. 333 at 3. Defendants issued a written denial of Nagahi's application for Remedial Education benefits; Nagahi appealed, and an administrative law judge reversed Defendants' determination; Defendants unsuccessfully appealed to the California Unemployment Insurance Appeals Board; and Defendants ultimately paid Remedial Education Benefits to Nagahi for the period of August 27, 2005, through December 17, 2005, in the amount of $5,610. Dkt. No. 333 at 3.

In his brief, Nagahi did not explain whether he believes he is entitled to benefits, and he

Case No.: 5:07-cv-06268-EJD
ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM DECISION
3

did not provide a description of any benefits be believes he should receive. Dkt. No. 334. Instead, he stated that this Court's "July 28th order can only be interpreted as this Court's attempt to make determinations on plaintiff's eligibility for Trade Act benefits. This Court lacks jurisdiction to either make such determinations, . . . or review them . . . . Moreover, by its decisions, orders and inactions post remand, this Court has been violating and obstructing the Ninth Circuit mandate." Id. (citations omitted).

Based on the parties' statements in their briefs (Dkt. Nos. 333 and 334), the Court orders as follows:

1. The Ninth Circuit instructed this Court to determine "the appropriate measure of Additional Trade Readjustment Allowance monetary benefits to which [Nagahi] is entitled by statute." Dkt. No. 255 at 2. The Court finds that Nagahi is not entitled to any amount of Additional Trade Readjustment Allowance monetary benefits from Defendants.

2. The Ninth Circuit also instructed this Court to require Defendants to give Nagahi "a written notification regarding his application for Remedial Education benefits." Id. As discussed above, Defendants provided Nagahi with a written notification regarding his application for Remedial Education benefits. See Dkt. No. 333 at 3. Defendants have complied with this instruction and no further action is required.

3. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 18, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:07-cv-06268-EJD
ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM DECISION
4